**Deborah LANDRY, Appellant,**

v.

**Eldon James DAIGREPONT, Appellee.**

**No. 13–98–541–CV.**

Court of Appeals of Texas,
Corpus Christi.

Dec. 21, 2000.

---

William N. Ambler, Alan Clifton Gordon, Paul Dodson, White, Huseman & Pletcher, Corpus Christi, for appellee.

Before Chief Justice SEERDEN and Justices HINOJOSA and YAÑEZ.

## OPINION

YAÑEZ, Justice.

Appellant, Deborah Landry, plaintiff below, appeals the order of the trial court sustaining the special appearance of appellee, Eldon James Daigrepont, her former husband, and dismissing her suit against him for lack of jurisdiction. Because we conclude that Daigrepont made a general appearance, we reverse the trial court's order and remand this matter for trial.[1]

### Background

Landry and Daigrepont were married from 1974 to 1996. Landry maintains that during their marriage, she was "repeatedly beaten" and that the beatings resulted in "severe bodily injuries ... including broken ribs, bruised kidneys and having her eye punched out of its socket." In addition, she claims Daigrepont "used outrageous disciplinary tactics to punish [her] including cutting her with broken glass, restricting her access to food and leaving [her] tied up for extended periods of time."

In 1997, Landry moved from Louisiana to Corpus Christi, Texas. In February 1998, she filed suit against Daigrepont, alleging she suffered intentional infliction of emotional distress arising out of a series of threatening telephone calls she received from Daigrepont in late 1997 and early 1998. After several unsuccessful attempts at service, the trial court allowed Daigrepont to be served by substituted service.[2] Daigrepont failed to file an answer, and on June 18, 1998, the trial court granted a default judgment in Landry's favor. On

Raul Manuel Rodriguez, San Antonio, for appellant.

1. In addition to sustaining Daigrepont's special appearance, the trial court also, in a separate order, granted Daigrepont's Motion for New Trial. The trial court's order granting a new trial is not challenged on appeal, and accordingly, we do not address it.

2. See TEX. R. CIV. P. 106(b).

July 20, 1998, Daigrepont filed a motion for new trial, which stated that it was "subject to [Daigrepont's] special appearance." The motion for new trial generally asserted that the trial court erred in authorizing substituted service. The last paragraph of the motion requested that the court, "subject to [Daigrepont's] special appearance," set aside the default judgment following a hearing. At the conclusion of a hearing held on August 13, 1998, the trial court granted Daigrepont's motion for new trial and special appearance.

By two issues, Landry contends: (1) Daigrepont waived his special appearance by having his motion for new trial heard and determined before obtaining a ruling on the special appearance; and (2) the trial court erred in concluding it lacked personal jurisdiction over Daigrepont.

### Waiver

Landry argues that Daigrepont waived his special appearance by arguing his motion for new trial prior to obtaining a ruling on his special appearance. She contends that by failing to obtain a ruling on the preliminary question of personal jurisdiction, Daigrepont failed to strictly comply with Texas Rule of Civil Procedure 120a, thereby making a general appearance and subjecting himself to the jurisdiction of the court.

■ To evaluate Landry's waiver arguments, we must determine the legal effect of Daigrepont's undisputed actions related to his motion for new trial. If a special appearance is based on undisputed or otherwise established facts, an appellate court shall conduct a *de novo* review of the trial court's order granting a special appearance. *Frank A. Smith Sales, Inc. v. Atlantic Aero*, 31 S.W.3d 742, 746 (Tex. App.—Corpus Christi 2000, no pet h.) (citing *Happy Indus. Corp. v. American Specialties, Inc.*, 983 S.W.2d 844, 847 (Tex. App.—Corpus Christi 1998, pet. dism'd

w.o.j.)). Accordingly, we review the trial court's application of law *de novo*. *Id.*

■ Although Daigrepont's motion for new trial asserted that it was "subject to [his] special appearance," he argued issues related to his motion prior to obtaining a ruling on the special appearance. A defendant who attempts to enter a special appearance to challenge a court's jurisdiction must strictly comply with rule 120a in order to avoid making a general appearance. *Clements v. Barnes*, 822 S.W.2d 658, 659 (Tex.App.—Corpus Christi 1991), *rev'd on other grounds*, 834 S.W.2d 45 (Tex.1992). Rule 120a provides that a motion to challenge the jurisdiction of the court "shall be heard and determined before a Motion to Transfer Venue or any other plea or pleading may be heard." *Id.* Any effort by a non-resident defendant to invoke the judicial powers of a Texas court in an attempt to set aside a default judgment constitutes a general appearance. *Id.* (citing *Liberty Enters., Inc. v. Moore Trans., Inc.*, 690 S.W.2d 570, 571–72 (Tex. 1985)).

In *Liberty*, the Texas Supreme Court held that a defendant waived its special appearance, even though the motion for new trial was made subject to the special appearance, because the defendant approved of the court's order granting a new trial. The court concluded that the defendant's approval of the order granting a new trial was an affirmative act, by which the defendant submitted to the court's jurisdiction. *Liberty Enters.*, 690 S.W.2d at 571–72. Similarly, in the present case, Daigrepont waived his special appearance by approving of the order granting the new trial before obtaining a ruling on his special appearance.

■ Daigrepont also waived his special appearance by arguing his motion for new trial before the special appearance was determined. The record reflects that at the hearing, Daigrepont's counsel stated:

Your Honor, there is a motion for new trial preceded technically by a special

appearance both being heard. The special appearance needs to precede any ruling by the Court in a motion for new trial, but hearing both at the same time.... The motion for new trial, I think is easier for the Court to see the merits of it, why it should be granted and I'll go into that first; although in terms of the procedures I understand that the special appearance needs to precede, but in essence, what we are saying is that the case is being heard today.

Thereafter, Daigrepont's counsel proceeded to argue the merits of the motion for new trial by challenging the validity of the substituted service. Even though Daigrepont's counsel acknowledged that the special appearance "need[ed] to precede" any ruling on the motion for new trial, the record reflects that he proceeded to argue the motion for new trial before the court ruled on the special appearance. Rule 120a(2) states, "[a]ny motion to challenge the jurisdiction provided for herein *shall be heard and determined* before a motion to transfer venue or any other plea or pleading may be heard." TEX. R. CIV. P. 120a(2) (emphasis added). We conclude Daigrepont waived his special appearance by arguing his motion for new trial before the special appearance had been determined.

We hold that Daigrepont waived his special appearance and made a general appearance by presenting argument on the motion for new trial at the hearing before his special appearance was determined. He also made a general appearance by approving the order granting the new trial. The trial court therefore erred by granting the special appearance. We sustain Landry's first issue.

Because Daigrepont made a general appearance, we need not address Landry's second issue. *See* TEX. R. APP. P. 47.1. The order granting the special appearance is reversed, and the cause is remanded for trial.