NUMBER 13-02-368-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI







EXITO ELECTRONICS, CO., LTD.
, Appellant,


v.



VIRGINIA TREJO, ET AL., Appellees.





On appeal from the 93rd District Court


of Hidalgo County, Texas.






O P I N I O N



Before Justices Hinojosa, Yañez, and Castillo


Opinion by Justice Castillo



 This is an interlocutory appeal from the trial court's order denying the special
appearance of Exito Electronics Company, Ltd., appellant ("Exito"). (1) Appellees are
Virginia Trejo, individually and as representative of the estate of Paulino Trejo; Nadia
Guadalupe Salvador Guzman, individually; and Aurelio Salvador Flores, individually and
as representative of the estate of Juana Zuniga, deceased, and as next friend of Maria
de la Luz Crecencia Salvador Guzman, a minor (together, "Trejo"). We affirm. 

I. RELEVANT FACTS AND PROCEDURAL BACKGROUND


 On Christmas Day in 1998, Paulino Trejo, Juana Zuniga, and Maria de la Luz
Crecencia Salvador Guzman died in a house fire in Hillsboro, Texas. Alleging that the
fire resulted from a defective extension cord, relatives of the victims of the fire filed
suit on September 9, 1999 against numerous alleged distributors and retailers of the
product. On December 22, 2000, an amended pleading added Exito as a defendant. 
The amended pleading described Exito as a nonresident "manufacturer," alleged that
Exito "is a foreign corporation organized under the laws of Taiwan and doing business
in Texas, USA without an agent for service," and sought service under rule 108a(1)(c)
of the rules of civil procedure pursuant to the Texas long-arm statute as provided in
sections 17.044 and 17.045 of the civil practice and remedies code. See Tex. Civ.
Prac. & Rem. Code Ann. §§ 17.044, 17.045 (Vernon 1997 and Supp. 2003); Tex. R.
Civ. P. 108a(1)(c). The amended pleading also alleged that the fire was caused by a
defective extension cord and that "[t]he extension cord in question was manufactured
in whole or in part by Exito. . . ." 

 On February 16, 2001, Exito filed a rule 11 agreement (2) in which Trejo's counsel
agreed with Exito to "an extension until February 19, 2001 to file a responsive
pleading" (the "Rule 11 agreement"). On March 5, 2001, Exito filed its verified special
appearance objecting to personal jurisdiction. Attached to the special appearance are
two verifications. The first is signed by "Courtney Duke," a person whose role and
source of knowledge are not identified in the verification ("Duke"). The second
verification was provided by Juan Kao, "the director of Exito Electronics, Co., Ltd."
("Kao"). In his affidavit, Kao attests that he is "knowledgeable about [Exito's]
business activities" and that he has "personal knowledge of the facts stated" in the
affidavit. He does not state that the facts are true and correct. Kao's signature
purports to be on behalf of Exito. This corporate signature block is followed by a jurat,
but the jurat does not contain a notary stamp, recite the name of the notary, or
indicate where the verification was signed. 

 On March 6, 2001, Exito filed a motion to transfer venue from Hidalgo County,
the venue where Trejo claimed the extension cord was purchased, to Hill County,
where the fire had occurred. Exito then filed an answer on March 8, 2001. The
parties engaged in discovery. Various co-defendants filed cross-claims against Exito,
who answered them. A hearing on the special appearance and on the motion to
transfer venue was scheduled for June 7, 2001 but apparently was postponed. 

 On September 10, 2001, Trejo filed a motion to compel the deposition of
Exito's corporate representative "in defense of special appearance." Exito responded
to the motion to compel on September 18, 2001, expressly subject to and without
waiving its special appearance, asserting that the deposition of Exito's designated
corporate representative should be taken in Taiwan, not in Houston as noticed by
Trejo. According to the docket sheet, the trial court signed an order on the motion on
October 10, 2001, but the order itself is not included in the record. 

 On December 3, 2001, Exito filed a motion seeking to modify its answers to
requests for admissions propounded by Trejo. On December 14, 2001, the trial court
signed an order granting Exito's motion to modify its responses to the discovery. 
Hearings on the special appearance and on the motion to transfer venue were
scheduled for March 18, 2002 and May 31, 2002 but again were reset, the last time
on the trial court's own motion to June 3, 2002. On that date, the trial court
conducted a hearing on Exito's special appearance and motion to transfer venue. It
denied both motions. On June 19, 2002, the trial court signed orders reflecting its
rulings. The order denying Exito's special appearance recites findings of fact and
conclusions of law. This appeal ensued. 

II. THE STANDARD OF REVIEW


 Whether a court has personal jurisdiction over a nonresident defendant is a
question of law. BMC Software Belg., N.V. v. Marchand, 83 S.W.3d 789, 794 (Tex.
2002). However, the trial court frequently resolves questions of fact before deciding
the personal-jurisdiction question. Id. If a trial court enters an order denying a special
appearance and also issues findings of fact and conclusions of law, the nonresident
defendant may challenge the fact findings on legal and factual sufficiency grounds. 
Id. Unchallenged fact findings are binding on the appellate court. Hotel Partners v.
KPMG Peat Marwick, 847 S.W.2d 630, 632 (Tex. App.-Dallas 1993, writ denied). 
We conduct a de novo review when applying the law to the facts. El Puerto de
Liverpool, S.A. de C.V. v. Servi Mundo Llantero S.A. de C.V., 82 S.W.3d 622, 639
(Tex. App.-Corpus Christi 2002, pet. dism'd w.o.j.) (op. on rehearing). 

 Therefore, if an order on a special appearance is based on undisputed or
established facts (such as where the nonresident defendant does not challenge the trial
court's findings of fact), the exercise of personal jurisdiction is a question of law we
review de novo. Happy Indus. Corp. v. Am. Specialties, Inc., 983 S.W.2d 844, 848
(Tex. App.-Corpus Christi 1998, pet. dism'd w.o.j.). We review for correctness the
legal conclusions drawn by the trial court from the established facts. BMC, 83 S.W.3d
at 794. If a conclusion of law is erroneous, but the trial court rendered the proper
judgment, the erroneous conclusion of law does not require reversal. Id. 

III. ANALYSIS


 In two issues, Exito contends that: (1) appellees did not meet their burden of
pleading personal jurisdiction; and (2) the Taiwanese corporation did not establish
minimum contacts with the State of Texas sufficient for the exercise of either general
or specific personal jurisdiction. We address first Exito's burden argument.

A. The Procedural Burdens Associated with Personal Jurisdiction


 If a nonresident defendant purposefully avails itself of the privileges and benefits
of conducting business in the State of Texas, this State has sufficient contacts to
confer personal jurisdiction. Tex. Civ. Prac. & Rem. Code Ann. § 17.042 (Vernon
1997); BMC, 83 S.W.3d at 795. The nonresident defendant's minimum contacts with
Texas may confer either general or specific personal jurisdiction. BMC, 83 S.W.3d
at 795. General personal jurisdiction requires that the contacts in Texas be continuous
and systematic but does not demand that the cause of action arise from or relate to
activities conducted in Texas. Id. at 796. Specific personal jurisdiction requires that
the alleged liability arise from or relate to an activity conducted in Texas. Id. 

 The plaintiff bears the initial burden of pleading sufficient allegations to bring a
nonresident defendant within the personal jurisdiction of the State of Texas. Id.
at 793; Frank A. Smith Sales, Inc., v. Atl. Aero, Inc., 31 S.W.3d 742, 746 (Tex.
App.-Corpus Christi 2000, no pet.). A nonresident defendant challenging a Texas
court's personal jurisdiction must negate all jurisdictional bases. CSR Ltd. v. Link,
925 S.W.2d 591, 596 (Tex. 1996) (orig. proceeding); Kawasaki Steel Corp. v.
Middleton, 699 S.W.2d 199, 203 (Tex. 1985). In the absence of sufficient personal-jurisdiction allegations by the plaintiff, the defendant meets its burden of negating all
potential bases of personal jurisdiction by presenting evidence that it is a nonresident. 
M.G.M. Grand Hotel, Inc. v. Castro, 8 S.W.3d 403, 408 n.2 (Tex. App.-Corpus Christi
1999, no pet.); KPMG, 847 S.W.2d at 634. 

 Exito argues that Trejo did not plead facts adequate to establish personal
jurisdiction over the corporation in Texas, so that Exito met its burden in its special
appearance by proving its nonresidency. To the contrary, the amended pleading
joining Exito as a defendant alleged that the company was doing business in Texas and
had manufactured a product that was distributed in Texas, a defective extension cord
that had caused a fire in this State in which the plaintiffs' relatives had perished. We
hold that Trejo's pleadings were sufficiently clear with regard to personal-jurisdiction
allegations related to Exito. See El Puerto, 82 S.W.3d at 629 (holding that allegations
of doing business in Texas and commission of tort in Texas sufficiently alleged
personal jurisdiction). Further, even if the pleadings were not sufficient to allege
personal jurisdiction in Texas, we would conclude that Exito waived its complaint
because it did not raise the issue in a motion to quash. Defective personal-jurisdiction
allegations must be challenged by a motion to quash, not by a special appearance. 
Kawasaki Steel, 699 S.W.2d at 203; El Puerto, 82 S.W.3d at 629. 

 Next, Exito asserts that none of the "factors" in the trial court's order "are
sufficient for a finding of either specific or general jurisdiction." The focus of Exito's 
argument is that it did not establish minimum contacts with the State of Texas
sufficient for the exercise of personal jurisdiction. Exito has not challenged the trial
court's factual findings. We thus interpret Exito's assertion as a challenge to the trial
court's conclusions of law. Under BMC, we perform a de novo review of those legal
conclusions for error. BMC, 83 S.W.3d at 794. However, we conclude that Exito
waived its objection to the trial court's exercise of personal jurisdiction. Thus, an error
analysis is unnecessary, and instead we perform a waiver analysis. 


 B. The Requirements of a Special Appearance


under Rule 120a of the Texas Rules of Civil Procedure



 A nonresident defendant must object, by sworn special appearance filed under
rule 120a of the rules of civil procedure, to the exercise of personal jurisdiction by a
Texas court. Tex. R. Civ. P. 120a. Rule 120a requires strict compliance with its
procedures. Morris v. Morris, 894 S.W.2d 859, 862 (Tex. App.-Fort Worth 1995, no
writ). Rule 120a contemplates at least three ways in which a nonresident defendant
waives the protection of the rule and subjects itself to the personal jurisdiction of the
court: (1) failure to comply with the rule's "due-order-of-pleading" requirement; (2)
failure to obtain determination of the special appearance before any other issue is
heard; and (3) if the nonresident defendant relies on affidavits to support the motion,
failure to comply with the specific content requirements of the rule. Tex. R. Civ.
P. 120a.1, a.2, and a.3. The waiver principles explicit in rule 120a recognize that a
nonresident defendant enters a general appearance by undertaking activities that
acknowledge an action is properly pending, invoking the judgment of the court on any
question other than the court's personal jurisdiction, or seeking affirmative action from
the court. Angelou v. African Overseas Union, 33 S.W.3d 269, 276 (Tex.
App.-Houston [14th Dist.] 2000, no pet.). 

 Like Angelou, other Texas courts have applied rule 120a's procedural
requirements in concluding that waiver of the asserted special appearance did not
occur. However, we find those cases distinguishable from this interlocutory appeal,
and no Texas court has examined the interplay of personal-jurisdiction waiver principles
we now address. (3)
 1. The "Due-Order-of-Pleading" Requirement

 A special appearance shall be filed "prior to motion to transfer venue or any
other plea, pleading or motion." Tex. R. Civ. P. 120a.1. Rule 120a "makes matters
in the same instrument and subsequent matters subject to the special appearance
without an express statement to that effect for each matter." Dawson-Austin v.
Austin, 968 S.W.2d 319, 322 (Tex. 1998). The rule also mandates that "[e]very
appearance prior to judgment, not in compliance with this rule is a general
appearance." Tex. R. Civ. P. 120a.1. By filing a general appearance, a nonresident
defendant submits to the exercise of personal jurisdiction by the court. Morris,
894 S.W.2d at 862. 

 Before filing its special appearance, Exito filed with the court the parties'
Rule 11 agreement extending the corporation's answer date. The parties did not
expressly make the extension agreement subject to any subsequent special
appearance. The supreme court did not address this circumstance in its analysis of
rule 120a.1's due-order-of-pleadings requirement in Dawson-Austin, where the
challenged instruments were filed simultaneous with or subsequent to the special
appearance. Dawson-Austin, 968 S.W.2d at 322. 

 Here, Exito filed the Rule 11 agreement first. We note that the Angelou court
held that the filing of a rule 11 agreement extending an answer date did not seek
affirmative action from the court and thus was not a general appearance, (4) even though
in that case, as here, the nonresident defendant did not condition the rule 11
agreement on a subsequent special appearance. Angelou, 33 S.W.3d at 275; cf.
Antonio v. Rico Marino, S.A., 910 S.W.2d 624, 629 (Tex. App.-Houston [14th Dist.]
1995, no writ) (op. on rehearing) (holding that neither filing of notice of removal nor
filing of stipulation to submit to another jurisdiction in compliance with court's
instructions in dismissing case constituted general appearance). We respectfully
disagree with the Angelou court that the determinative question is whether, in filing
the Rule 11 agreement before filing its special appearance, Exito acknowledged that
an action was properly pending, invoked the judgment of the trial court, or sought
affirmative relief. Rather, the plain language of rule 120a specifies that "[e]very
appearance prior to judgment, not in compliance with this rule is a general
appearance." Tex. R. Civ. P. 120a.1. Rule 120a.1 contains no exception for rule 11
agreements. An unconditional rule 11 agreement filed prior to a special appearance
is not filed in the same instrument or subsequent to the special appearance, and
rule 120a.1 does not contemplate that it is considered subject to the special
appearance. (5) We conclude that a nonresident defendant who files an unconditional
rule 11 agreement prior to filing a special appearance enters a general appearance
under the due-order-of-pleading requirement of rule 120a.1. Accordingly, we hold that
Exito waived its challenge to the trial court's exercise of personal jurisdiction by filing
an unconditional rule 11 agreement before filing its special appearance. Tex. R. Civ.
P. 120a.1. 2. The "First-Determined" Requirement


 Rule 120a further mandates that "[a]ny motion to challenge the jurisdiction
provided for herein shall be heard and determined before a motion to transfer venue
or any other plea or pleading may be heard." Tex. R. Civ. P. 120a.2. In Dawson-Austin, the supreme court also analyzed what constitutes invocation of the trial court's
judgment in the context of the "first-determined" requirement of rule 120a.2. 
Dawson-Austin, 968 S.W.2d at 322-23. A motion filed after the special appearance
by the nonresident defendant requested a continuance both of the special appearance
hearing and of a hearing that had been set at the request of the opposing party on
other motions filed by the defendant, each subject to the special appearance. Id.
at 323. The trial court denied the continuance. Id. The supreme court held that the
motion merely asked the court to defer action on all matters and did not waive the
special appearance. Id. The determinative factor in the supreme court's analysis was
that the motion for continuance did not seek relief inconsistent with the nonresident
defendant's assertion that the court lacked personal jurisdiction, and in fact was
consistent with the rights conferred by rule 120a with regard to discovery (pursuant
to rule 120a.1) and to have the special appearance determined prior to other motions
(pursuant to rule 120a.2). Id. 

 After the supreme court decided Dawson-Austin, this Court considered whether
a nonresident defendant waived a special appearance by arguing a motion for new trial
before obtaining a determination of the special appearance. Landry v. Daigrepont,
35 S.W.3d 265, 267 (Tex. App.-Corpus Christi 2000, no pet.). After learning that
a default judgment had been entered, the nonresident defendant filed a motion for new
trial, which expressly stated that it was subject to the special appearance. Id. During
the hearing, the nonresident defendant's counsel informed the judge that the hearing
concerned "a motion for new trial preceded technically by a special appearance both
being heard [at the same hearing]." Id. at 267-68. The defendant's counsel
acknowledged that determination of the special appearance needed to precede any
ruling by the court on the motion for new trial, but announced that he would begin
with argument on the motion for new trial because it would be easier for the court to
follow. Id. at 268. The trial court granted the motion for new trial and the special
appearance. Id. This Court reversed, citing the "first-determined" requirement of
rule 120a.2. Tex. R. Civ. P. 120a.2; Landry, 35 S.W.3d at 268. We concluded,
because the defendant's counsel had argued the motion for new trial and had approved
the court's order before the court determined the special appearance, that the
defendant had waived the special appearance. Landry, 35 S.W.3d at 268; see Liberty
Enters., Inc. v. Moore Transp. Co., Inc., 690 S.W.2d 570, 571-72 (Tex. 1985)
(holding that party waived special appearance by agreeing to trial court's order
reinstating cause of action); see also Shapolsky v. Brewton, 56 S.W.3d 120, 140-41
(Tex. App.-Houston [14th Dist.] 2001, pet. denied) (holding that nonresident
defendant waived special appearance by having motion for protection and for
sanctions heard before court heard and determined special appearance).

 Here, prior to hearing and determination of its special appearance, Exito engaged
in discovery and participated in resolution by the trial court of two discovery matters:
(1) Trejo's motion to compel the deposition of Exito's corporate representative; and (2)
Exito's motion to modify its previous answers to requests for admissions propounded
by Trejo. The trial court signed orders on both discovery disputes. 

 We note that rule 120a expressly provides that "[t]he issuance of process for
witnesses, the taking of depositions, the serving of requests for admissions, and the
use of discovery processes, shall not constitute a waiver of such special appearance." 
Tex. R. Civ. P. 120a.1. However, we also note that the plain language of rule 120a.2
mandates that "[a]ny motion to challenge the jurisdiction provided for herein shall be
heard and determined before a motion to transfer venue or any other plea or pleading
may be heard." Tex. R. Civ. P. 120a.2. Unlike rule 120a.1, rule 120a.2 does not
except discovery matters from its requirements. We conclude that the "use of
discovery" permitted by rule 120a.1 can be harmonized with the "first-determined"
mandate of rule 120a.2 if: (1) the parameters of "use of discovery" extend only to
participation in discovery by the nonresident defendant; and (2) once a discovery
dispute arises, the special appearance must be heard and determined before the
discovery motion is heard. Accordingly, we decline to extend Dawson-Austin beyond
the particular circumstance presented there by the nonresident defendant's motion for
continuance. Dawson-Austin, 968 S.W.2d at 323. 

 Finally, we note that instruments filed contemporaneous with or subsequent to
a special appearance are subject to the special appearance without the necessity of an
express statement to that effect. Id. Nonetheless, the "subject to" proviso of
rule 120a.1 is implicated only in the filing of instruments, not in the hearing and
determination of contested matters pursuant to rule 120a.2. Compare Tex. R. Civ.
P. 120a.1 with Tex. R. Civ. P. 120a.2. Thus, Exito's excess of caution in expressly
filing its contested discovery response and motion "subject to" the special appearance
negates any unintentional general appearance that might result from the due-course-of-pleading requirement imposed by rule 120a.1, albeit unnecessarily, but no disclaimer
will avoid the consequences of rule 120a.2's requirement that the special appearance
be heard and determined first. See Landry, 35 S.W.3d at 267-68 (holding that arguing
motion for new trial and approving order both constituted general appearances even
though written motion was expressly subject to special appearance). We conclude
that Exito, prior to any hearing and determination of its special appearance: (1) invoked
the judgment of and sought affirmative action from the court on matters other than
the question of personal jurisdiction, id. at 268; (2) submitted to the hearing and
determination of discovery disputes by the court, thus recognizing that an action was
properly pending, see Brewton, 56 S.W.3d at 140; see also Liberty Enters.,
690 S.W.2d at 571-72; and, therefore, (3) acted inconsistent with its assertion that
the court lacked personal jurisdiction, Dawson-Austin, 968 S.W.2d at 323. By
participating in the court's hearing and determination of disputed discovery matters
prior to determination of the special appearance, Exito entered a general appearance. 
Accordingly, we hold that Exito waived its challenge to the trial court's exercise of
personal jurisdiction by not complying with the requirement of rule 120a.2 that the
special appearance be heard and determined before the parties' discovery disputes
were heard. Tex. R. Civ. P. 120a.2. 

 3. Affidavit Requirements


 Rule 120a also provides:

 The court shall determine the special appearance on the basis of the
pleadings, any stipulations made by and between the parties, such
affidavits and attachments as may be filed by the parties, the results of
discovery processes, and any oral testimony. The affidavits, if any, shall
be served at least seven days before the hearing, shall be made on
personal knowledge, shall set forth specific facts as would be admissible
in evidence, and shall show affirmatively that the affiant is competent to
testify. 

Tex. R. Civ. P. 120a.3. (6) An affidavit is defined as "a statement in writing of a fact or
facts signed by the party making it, sworn to before an officer authorized to administer
oaths, and officially certified to by the officer under his seal of office." Tex. Gov't
Code Ann. § 312.011(1) (Vernon 1998); De los Santos v. Southwest Tex. Methodist
Hosp., 802 S.W.2d 749, 755 (Tex. App.-San Antonio 1990, no writ), disapproved
on other grounds, Lewis v. Blake, 876 S.W.2d 314, 315 (Tex. 1994). In plain terms,
the person making the affidavit must swear to and sign the statement in front of a
notary. De los Santos, 802 S.W.2d at 754-55. Without notarization, an unsworn
statement is not an affidavit. Id.; Failing v. Equity Mgmt. Corp., 674 S.W.2d 906,
909 (Tex. App.-Houston [1st Dist.] 1984, no writ). 

 Moreover, an affidavit is legally insufficient if it does not positively and
unqualifiedly represent the facts as disclosed in the affidavit to be true and within the
affiant's personal knowledge. Humphreys v. Caldwell, 888 S.W.2d 469, 471 (Tex.
1994) (orig. proceeding). Further, rule 120a requires an affidavit in support of a
special appearance to set forth facts and show affirmatively how the affiant obtained
personal knowledge of those facts. Tex. R. Civ. P. 120a.3. A more familiar
application of a specific content requirement for affidavits appears in rule 166a, which,
in the context of affidavits submitted in support of motions for summary judgment,
contains language identical to rule 120a.3. Compare Tex. R. Civ. P. 120a.3 with Tex.
R. Civ. P. 166a(f);Larson v. Family Violence and Sexual Assault Prevention Ctr. of S.
Tex., 64 S.W.3d 506, 511 (Tex. App.-Corpus Christi 2001, pet. denied). Finally,
with regard to the personal knowledge of corporate representatives, officers such as
vice-presidents, secretaries, and board presidents may testify to facts regarding the
corporation's activities. Larson, 64 S.W.3d at 512; Castro, 8 S.W.3d at 407. 

 On appeal, Exito relies on Kao's affidavit attached to its special appearance to
meet its burden to negate all bases for general and specific personal jurisdiction. We
find that both affidavits attached to Exito's special appearance are fatally defective
under rule 120a.3. The Duke affidavit wholly fails to identify Duke's role or source of
personal knowledge and, as a consequence, does not "show affirmatively that the
affiant is competent to testify." Tex. R. Civ. P. 120a.3; see Larson, 64 S.W.3d
at 511-12 (interpreting same requirement in rule 166a in summary-judgment context). 
 Similarly, the Kao affidavit does not explain how Kao's role as "director" in
Exito, a Taiwanese corporation, provides a source of personal knowledge. A director
may or may not have personal knowledge of facts regarding the corporation's
activities. Tex. R. Civ. P. 120a.3; see Castro, 8 S.W.3d at 407 (noting that affidavit
identifying affiant as corporate officer shows competency to testify because corporate
officers occupy positions in which they acquire personal knowledge of corporate
facts). In any event, Kao does not swear that the facts are true and correct, which
is necessary for his statements to "be admissible in evidence" as required by
rule 120a.3. Tex. R. Civ. P. 120a.3; see Humphreys, 888 S.W.2d at 470-71
(analyzing and rejecting as "legally invalid" affidavits submitted in support of claim of
discovery privilege). Finally, the notary's jurat neither identifies the notary, states
where the affidavit was signed, nor contains an official seal. Accordingly, the writing
attached to the special appearance that purports to be Kao's affidavit does not meet
the statutory definition of "affidavit" in Texas. Tex. Gov't Code Ann. § 312.011(1)
(Vernon 1998). Thus, Kao's adoption of the facts recited in the special appearance
is an unsworn statement, not an affidavit. De los Santos, 802 S.W.2d at 755; Failing,
674 S.W.2d at 909. We hold that Exito waived its challenge to the trial court's
exercise of personal jurisdiction by not submitting for consideration by the trial court
support for its special appearance in compliance with rule 120a.3. Tex. R. Civ.
P. 120a.3; see Humphreys, 888 S.W.2d at 470 (holding to be "of no probative value"
defective affidavits submitted in support of claim of discovery privilege). (7)

 In conclusion, even if Exito did not establish sufficient minimum contacts with
the State of Texas to support the trial court's exercise of personal jurisdiction, we hold
that denial of the special appearance is proper because Exito: (1) entered a general
appearance by filing an unconditional rule 11 agreement before filing its special
appearance as well as by appearing for the hearing and determination of disputed
discovery matters before the trial court heard and determined the special appearance;
and (2) did not provide, in compliance with rule 120a.3, support for its special
appearance for consideration by the trial court. Accordingly, on waiver grounds alone,
the trial court properly exercised personal jurisdiction over Exito. We hold that the trial
court's denial of Exito's special appearance does not require reversal. BMC, 83
S.W.3d at 794. We overrule both of Exito's issues. 

 IV. CONCLUSION


 We affirm the trial court's order denying Exito's special appearance. 

 ERRLINDA CASTILLO

 Justice



Opinion delivered and filed

this 13th day of February, 2003.



1. Parties may challenge by interlocutory appeal trial courts' orders regarding special appearances. 
Tex. Civ. Prac. & Rem. Code Ann. § 51.014(7) (Vernon Supp. 2003). 
2. Tex. R. Civ. P. 11. 
3. Some cases examine the circumstances in which a party files a motion that seeks affirmative
relief but the trial court does not hear or rule on the motion. See, e.g., Silbaugh v. Ramirez,
No. 01-02-01129-CV, 2002 Tex. App. LEXIS 9123 at *9-*10 (Tex. App.-Houston [1st Dist.] 2002,
no pet.) (holding that motion to stay discovery and motion to quash deposition were "use of the
discovery process" that did not waive special appearance; noting that motions were not heard or ruled
on by trial court); Case v. Grammar, 31 S.W.3d 304, 311 (Tex. App.-San Antonio 2000, no pet.)
(
holding that defendant's participation in depositions and in seeking to compel plaintiff's responses to
discovery did not waive special appearance where discovery dispute not heard by court), disapproved
on other grounds, BMC Software Belgium, N.V. v. Marchand, 83 S.W.3d 789, 794 n.1 (Tex. 2002);
Minucci v. Sogevalor, 14 S.W.3d 790, 800 (Tex. App.-Houston [1st Dist.] 2000, no pet.) (holding that
neither engaging in discovery nor filing and setting contested matter for hearing waived special
appearance where matter was not heard by court). Other cases interpret rule 120a.1 to permit
determination of discovery disputes but do not discuss the "first-determined" requirement of
rule 120a.2. See, e.g., Hotel Partners v. Craig, 993 S.W.2d 116, 123 (Tex. App.-Dallas 1994, writ
denied) (holding that filing after special appearance of motion for protective order, response to motion
to compel, and letter brief in support of position in discovery dispute did not waive special appearance);
Int'l Turbine Serv., Inc. v. Amos Lovitt & Touche, Inc., 881 S.W.2d 805, 809 (Tex. App.-Fort Worth
1994, writ denied) (holding that motion for protective order to limit discovery to personal-jurisdiction
matters that was resolved by agreed order did not waive special appearance). 



4. We note that a party does invoke the court's authority by filing a written rule 11 agreement,
in the sense that filing must precede enforcement. Tex. R. Civ. P. 11. 
5. This appeal does not present, nor do we address, the circumstance where a rule 11 agreement
to extend an answer date is entered into and filed expressly subject to an anticipated special
appearance. 
6. The verifications of Exito's special appearance and the affidavits on which Exito relies to
support its special appearance are the same instruments. We note that the verification requirement
contained in rule 120a.1 is distinct from the provisions of rule 120a.3 that specify the requisite contents
of affidavits submitted in support of a special appearance. Compare Tex. R. Civ. P. 120a.1 (providing
that special appearance "shall be made by sworn motion. . . .") with Tex. R. Civ. P. 120a.3. By the
rule's plain wording, the affidavit requirements of rule 120a.3 do not apply to verifications by which
motions challenging personal jurisdiction are sworn pursuant to rule 120a.1. We also note that an
unsworn special appearance may be amended to cure defects at any time before a general appearance,
including an amendment to cure the absence of a verification. Dawson-Austin v. Austin, 968 S.W.2d
319, 322 (Tex. 1998). Trejo did not object in the trial court to the verifications, so Exito was not
presented with a necessity to amend. Accordingly, in the absence of an objection in the trial court to
the verifications, we do not address whether Exito's special appearance, of itself, constituted a general
appearance because of defects in the verifications. 
7. The lack of a properly notarized signature is a substantive defect, not a defect as to form. 
Elam v. Yale Clinic, 783 S.W.2d 638, 643 (Tex. App.-Houston [14th Dist.] 1989, no writ). Unlike
rule 120a.1, which expressly permits amendment to cure defects in the verification of a sworn special
appearance, rule 120a.3 does not provide that defects in an affidavit considered by a trial court in
determining a special appearance may be cured. Compare Tex. R. Civ. P. 120a.1 with Tex. R. Civ.
P. 120a.3. Thus, defects in an affidavit provided under rule 120a.3, unlike defects in a verification filed
under rule 120a.1, cannot be waived by failing to bring the affidavit's defects to the trial court's
attention. See Yale Clinic, 783 S.W.2d at 643 (refusing to consider defective affidavits as competent
summary judgment evidence).