02-11-008-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-11-00008-CV 

 

 


 
 
 SBG Development Services, L.P.
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 NuRock Group, Inc. Individually and d/b/a NuRock
 Development, Inc.; NuRock Development Group, Inc. d/b/a NuRock Development, Inc.;
 NuRock Development, Ltd. d/b/a NuRock Development, Inc.; NUROCK DEVELOPMENT
 TX, LLC d/b/a nurock development, inc.; and robert g. hoskins, individually
 and d/b/a nurock development, inc.
 
 
  
 
 
 APPELLEES 
 
 


 

----------

 

FROM THE 236th
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM OPINION[1]

 

----------

I.  Introduction

          The
primary issue we address in this interlocutory appeal is whether a defendant
who elects to have his motion to strike the plaintiff’s pleadings and to
dismiss the plaintiff’s claims against him heard prior to his special
appearance has thereby made a general appearance and waived his special
appearance.  Because we answer this question in the affirmative, we will
reverse the trial court’s order sustaining the special appearance filed by
Appellee Robert G. Hoskins. 

II.  Factual
and Procedural Background

Appellant
SBG Development Services, L.P. sued NuRock Development Group, Inc.; NuRock
Development, Ltd.; NuRock Development TX, LLC; and Robert C. Hoskins,
individually, for breach of contract, quantum meruit, and attorney’s fees.  In
a single pleading, Hoskins filed a special appearance, and subject thereto, the
NuRock entities filed an original answer and special exceptions.  SBG subsequently
amended its petition twice:  SBG named each of the NuRock entities as “d/b/a
NuRock Development, Inc.”; sued Hoskins in his individual capacity and d/b/a
NuRock Development, Inc.; added NuRock Group, Inc. to the suit; and added
claims for fraud by nondisclosure, breach of fiduciary duty, civil conspiracy,
and alter ego and abuse of the corporate form.  NuRock Group, Inc. answered and
filed a general denial.  The named NuRock defendants are referred to
collectively herein as Appellees.

On
August 13, 2010, the trial court conducted a hearing on Appellees’ special
exceptions and granted them.[2]  SBG then filed its
fourth amended petition. 

Appellees,
including Hoskins, subsequently filed a combined motion to strike SBG’s
pleadings and motion for sanctions.[3]  The motion to strike portion
of the pleading requested that the trial court “strike and dismiss all causes
of action asserted by” SBG because SBG had allegedly failed to comply with the trial
court’s special exceptions order.  The motion to strike challenged SBG’s
pleadings concerning every element of every cause of action SBG alleged,
including all causes of action alleged against Hoskins; the motion to strike was
not limited in any way to an alleged failure to plead jurisdictional facts.[4]
 Appellees did not file additional special exceptions challenging SBG’s fourth
amended petition, which was filed after the trial court’s special exceptions
order.

At a
December 9, 2010 hearing, counsel for Appellees indicated that he wanted the
motion to strike to be heard first, prior to the special appearance or the
motion for sanctions.  He stated, “Well, I think I want to start with the
motion to strike the pleadings.  It’s a continuation of the special exceptions
that were granted . . . back on August 13th.”  A few moments later, Appellees’
counsel clarified, “My intent is to address those motions, then hit the special
appearance, and then hit the motion for sanctions, Your Honor.” 

After
the hearing, the trial court signed an order striking “all causes of action
asserted by Plaintiff against [all Appellees except NuRock Group, Inc.],
specifically including all causes of action for breach of contract, quantum
meruit” and “[against all Appellees for] fraudulent inducement, fraud, fraud by
nondisclosure, breach of fiduciary duty, negligent misrepresentation and civil
conspiracy.”  The order also indicated that the trial court sustained Hoskins’s
special appearance and that Appellees’ motion for sanctions would be carried to
the end of the case. 

III.  Waiver
of Special Appearance

          In
its first issue, SBG argues that the trial court erred by sustaining Hoskins’s
special appearance because Hoskins waived his special appearance by seeking
affirmative relief via the motion to strike.

A.  Law Concerning Waiver
of Special Appearance

Via a General
Appearance

 

          Under
rule 120a, a special appearance, properly entered, enables a nonresident
defendant to challenge personal jurisdiction in a Texas court.  Tex. R. Civ. P.
120a.  Strict compliance with rule 120a is required, and a nonresident
defendant will be subject to personal jurisdiction in Texas courts if the
defendant enters a general appearance.  Morris v. Morris, 894 S.W.2d
859, 862 (Tex. App.—Fort Worth 1995, no writ); see also Burger King Corp. v.
Rudzewicz, 471 U.S. 462, 472 n.14, 105 S. Ct. 2174, 2182 (1985) (“[T]he
personal jurisdiction requirement is a waivable right.”).  Rule 120a states
that “[e]very appearance, prior to judgment, not in compliance with this rule
is a general appearance.”  Tex. R. Civ. P. 120a(1); see also Kawasaki Steel
Corp. v. Middleton, 699 S.W.2d 199, 201 (Tex. 1985).

          A
party enters a general appearance and waives a special appearance “when it (1)
invokes the judgment of the court on any question other than the court’s
jurisdiction, (2) recognizes by its acts that an action is properly pending, or
(3) seeks affirmative action from the court.”  Exito Elecs. Co. v. Trejo,
142 S.W.3d 302, 304 (Tex. 2004) (citing Dawson-Austin v. Austin,
968 S.W.2d 319, 322 (Tex. 1998), cert. denied, 525 U.S. 1067 (1999)). 
The test for a general appearance is whether a party requests affirmative
relief inconsistent with an assertion that the trial court lacks jurisdiction. 
Dawson-Austin, 968 S.W.2d at 323.

          A
party also enters a general appearance when it violates rule 120a’s “due-order-of-hearing”
requirement.  See Tex. R. Civ. P. 120a(2); Trejo, 142 S.W.3d at
306.  The due-order-of-hearing requirement mandates that a special appearance
motion “shall be heard and determined before a motion to transfer venue or any
other plea or pleading may be heard.”  Tex. R. Civ. P. 120a(2); Trejo,
142 S.W.3d at 306.  If a defendant’s motion to transfer venue or other plea or
pleading is heard prior to the defendant’s special appearance, the defendant
has waived his special appearance and entered a general appearance.  See Klingenschmitt
v. Weinstein, 342 S.W.3d 131, 134 (Tex. App.––Dallas 2011, no pet.) (holding
party waived special appearance by filing and obtaining hearing on motion to
dismiss plaintiff’s claims with prejudice based on defendant’s special
exceptions prior to hearing on special appearance); Landry v. Daigrepont,
35 S.W.3d 265, 267–68 (Tex. App.––Corpus Christi 2000, no pet.) (holding
defendant who filed special appearance and motion for new trial following
default judgment entered against him waived special appearance by, at hearing,
having motion for new trial heard prior to special appearance). 

B.      Waiver of
Special Appearance and 

Entry of General
Appearance by Hoskins

 

Appellees’
motion to strike SBG’s pleadings requested affirmative relief from the trial court
specifically on behalf of Hoskins; Appellees’ motion to strike SBG’s pleadings
stated that Appellees “respectfully request the Court to strike and dismiss all
causes of action asserted by Plaintiff against Defendants NuRock
Development Group, Inc., NuRock Development, Ltd., NuRock Development TX,
L.L.C., and Robert Hoskins.” [Emphasis added.]  The allegations in Appellees’
motion to strike concerning SBG’s causes of action against Hoskins are not
limited to allegations requesting that SBG plead additional jurisdictional
facts pertaining to Hoskins’s contacts with Texas or the purported basis for
the trial court’s in personam jurisdiction over him.  A pleading asserting
special exceptions or asserting a motion to strike based on a failure to
satisfy special exceptions does not constitute a challenge to the trial court’s
jurisdiction.  See, e.g., Peek v. Equip. Serv. Co. of San Antonio,
779 S.W.2d 802, 805 (Tex. 1989) (explaining that plaintiff’s failure to plead
an element of his cause of action does not deprive the trial court of
jurisdiction).  Because Hoskins, via the motion to strike, specifically
requested and prayed for affirmative relief from the trial court inconsistent
with his position that the trial court possessed no personal jurisdiction over
him––that being an order or judgment dismissing all of SBG’s claims against him
for reasons other than the trial court’s purported lack of jurisdiction over
him—he waived his special appearance.  See Exito Elecs. Co., 142 S.W.3d
at 304; Klingenschmitt, 342 S.W.3d at 134.  

Additionally,
by choosing to have his motion to strike heard prior to his special appearance,
Hoskins violated rule 120a’s due-order-of-hearing requirement.  See Landry,
35 S.W.3d at 267–68.[5]  Strict compliance with rule
120a is required; every appearance not in compliance with rule 120a is a
general appearance.  Tex. R. Civ. P. 120a(1).  Because Hoskins violated rule
120a’s due-order-of-hearing requirement, he entered a general appearance and
waived his special appearance.  See Landry, 35 S.W.3d at 267–68;
accord First Oil PLC v. APT Oil & Gas Corp., 264 S.W.3d 767, 773,
781 (Tex. App.—Houston [1st Dist.] 2008, pet. denied) (holding special
appearance was not waived by filing motion to strike pleadings based on
addition of new party because motion to strike was filed in response to
plaintiff’s motion for continuance of special appearance hearing, and parties
agreed that issues in motion for continuance and motion to strike were “overlapping”
and “intertwined”).

Hoskins
cites several cases holding that neither a motion for continuance of the
special appearance hearing nor a motion relating to discovery constitutes a
waiver of a special appearance.  But these cases are not applicable to the
facts here.  Hoskins did not seek a continuance of the special appearance
hearing; he elected to proceed first with his motion to strike all of SBG’s
causes of action against him.  And Hoskins likewise did not file or obtain a
hearing on a motion relating to discovery.  Rule 120a specifically provides that
“[t]he issuance of processes for witnesses, the taking of depositions, the
serving of requests for admissions, and the use of discovery processes” does
not waive a party’s special appearance.  See Tex. R. Civ. P. 120a(1). 
Hoskins’s motion to strike all of SBG’s causes of action against him, purportedly
based on special exceptions via rule 91, cannot be considered “the issuance of
processes for witnesses, the taking of depositions, the serving of requests for
admissions, and the use of discovery processes.”  Compare Tex. R. Civ.
P. 83–97 (entitled “Pleadings of Defendant”), with Tex. R. Civ. P. 190–215
(entitled “Discovery”).

We
hold that by seeking affirmative relief from the trial court inconsistent with
his special appearance and by violating rule 120a’s due-order-of-hearing
requirement, Hoskins made a general appearance and waived his special
appearance.  We sustain SBG’s first issue.[6]

IV. 
Trial Court
Abused its
Discretion by Granting
Motion to Strike

 

          In
subpart C of its second issue, SBG argues that the trial court erred by
granting Appellees’ motion to strike.[7]  Although the trial court
sustained Appellees’ special exceptions to SBG’s original petition, SBG
subsequently filed three amended pleadings, making its fourth amended petition
its live pleading at the time the trial court struck SBG’s claims.  Appellees’
motion to strike contains the only special exceptions filed concerning SBG’s
fourth amended petition; Appellees did not set a hearing or obtain a ruling on
its special exceptions to SBG’s fourth amended petition prior to the hearing on
its motion to strike.  And SBG was not given an opportunity to amend its fourth
amended petition prior to the trial court’s order striking its claims.  Nor did
the trial court identify any pleading failure in SBG’s fourth amended petition. 
Instead, without reference to any purported pleading defect, the trial court
simply ordered “that all causes of action asserted by Plaintiff in its Fourth
Amended Original Petition against Defendants . . . specifically including all
causes of action for breach of contract, quantum meruit, fraudulent inducement,
fraud, fraud by nondisclosure, breach of fiduciary duty, negligent
misrepresentation and civil conspiracy are stricken.” 

Special exceptions
are a means of questioning the legal sufficiency of a plaintiff's petition. See,
e.g., Burgess v. El Paso Cancer Treatment Ctr., 881 S.W.2d
552, 554 (Tex. App.––El Paso 1994, writ denied).  Texas follows the
“fair-notice” standard for pleading, requiring only that the opposing party be
able to ascertain from the pleading the nature and basic issues of the
controversy and what testimony will be relevant.  See Tex. R. Civ. P.
47(a) (requiring petition to contain “short statement of the cause of action
sufficient to give fair notice of the claim involved”); Horizon/CMS
Healthcare Corp. v. Auld, 34 S.W.3d 887, 896 (Tex. 2000).  A party is not
required to describe the evidence in detail in its petition.  Paramount Pipe
& Supply Co. v. Muhr, 749 S.W.2d 491, 494–95 (Tex. 1988).  A motion to
strike pleadings that attacks the substance of an amended pleading, even if the
motion is based on special exceptions, is an improper procedural mechanism.  See,
e.g., Reynolds v. Murphy, 266 S.W.3d 141, 146 (Tex. App.––Fort Worth
2008, pet. denied) (explaining that “[a] motion to strike that attacks the
substance of an amended pleading, even if based on special exceptions, is an improper
procedural mechanism”) (citing Gallien v. Wash. Mut. Home Loans, Inc.,
209 S.W.3d 856, 861–62 (Tex. App.––Texarkana 2006, no pet.)); see also Simulis,
L.L.C. v. Gen. Elec. Capital Corp., No. 14-09-01055-CV, 2011 WL 505334, at
*5 n.7 (Tex. App.––Houston [14th Dist.] Feb. 15, 2011, pet. filed) (same).

Here,
Appellees’ motion to strike, as set forth and quoted above, does not challenge
the legal sufficiency of SBG’s pleading; it repeatedly challenges the factual
sufficiency of the pleadings concerning every element of each of SBG’s causes
of action.  Thus, Appellees’ motion to strike attacks the substance of SBG’s
fourth amended pleading and constitutes the use of an improper procedural
mechanism.  See, e.g., Simulis, L.L.C., 2011 WL 505334, at *5
n.7; Reynolds, 266 S.W.3d at 146; Gallien, 209 S.W.3d at 861–62. 
Moreover, in the absence of allegations by Appellees that SBG failed to state a
cause of action, the trial court’s ruling striking claims in SBG’s fourth
amended petition was premature because Appellees did not obtain a ruling on
their special exceptions to that pleading prior to entry of the order striking
SBG’s pleadings.  See Geochem Labs., Inc. v. Brown & Ruth Labs., Inc.,
689 S.W.2d 288, 290 (Tex. App.––Houston [1st Dist.] 1985, writ ref’d n.r.e.)
(holding plaintiff should have been given opportunity to amend in light of
defendants’ new set of special exceptions to plaintiff’s third amended
petition).  For these reasons, we hold that the trial court abused its
discretion by striking all causes of action in SBG’s fourth amended petition.

We
sustain subsection C of SBG’s second issue.[8]

V.  Conclusion

          Having
sustained SBG’s first issue and subsection C of its second issue and having
determined that we need not address the remainder of SBG’s second issue, we
reverse the trial court’s December 17, 2010 order sustaining Hoskins’s special
appearance and striking SBG’s claims in its fourth amended petition.  We remand
this case for further proceedings consistent with this opinion.  

 

 

SUE WALKER
JUSTICE

 

PANEL: 
WALKER,
MEIER, and GABRIEL, JJ.

 

DELIVERED:  November 3, 2011









[1]See Tex. R. App. P. 47.4.





[2]The order granting Appellees’
special exceptions states that the trial court heard Appellees’ special
exceptions on August 13, 2010, and reset Appellees’ special appearance.  





[3]Appellees’ motion to
strike and for sanctions begins by providing, “NOW COME Defendants . . . and
Robert Hoskins (collectively, ‘Defendants’) file their Motion to Strike
Plaintiff’s Pleadings as to all causes of actions asserted against the NuRock
Entities and Mr. Hoskins.”  

The motion for sanctions portion of the pleading
sought sanctions based on Texas Rule of Civil Procedure 13 and under chapter 10
of the civil practice and remedies code, alleging that “SBG and its legal
counsel filed the pleading against NuRock Development Group, Inc., . . . and
Mr. Hoskins in bad faith and/or for the purpose of harassment.”  The motion for
sanctions also alleged that “it was necessary” for “Mr. Hoskins to incur
attorneys [sic] fees in preparing this motion for sanctions” and sought an award
of “all reasonable attorneys [sic] fees incurred” as well as “[a] penalty to be
paid into the court in the amount of at least $10,000.00.”  





[4] The motion to strike
moves to dismiss all of SBG’s claims;  it alleges in its entirety:

A.      With respect to causes of action for breach of
contract asserted by Plaintiff, Plaintiff was ordered to but failed to
specifically plead factual allegations in support of each of the
following elements as to Defendants NuRock Development Group, Inc., NuRock
Development, Ltd., NuRock Development TX, L.L.C., and Robert Hoskins:

i.        the existence of a valid,
enforceable contract between Plaintiff and such Defendant;

ii.       that Plaintiff performed,
tendered performance, or was excused from performing its contractual
obligations under such contract;

iii.      that such Defendant
breached such contract and the manner in which such Defendant breached it; and 

iv.      the amount of and manner in
which Plaintiff’s [sic] was injured by such Defendant’s alleged breach of such
contract.

B.      With respect to causes of action for quantum
meruit asserted by Plaintiff, Plaintiff was ordered to but failed to
specifically plead factual allegations in support of each of the
following elements as to Defendants NuRock Development Group, Inc., NuRock
Development, Ltd., NuRock Development TX, L.L.C., and Robert Hoskins:

i.        the specific valuable services
or materials that was [sic] provided by Plaintiff to such Defendant;

ii.       that such Defendant
accepted such services or materials;

iii.      that such Defendant had
reasonable notice that Plaintiff expected compensation for such services or
materials from that Defendant; and

iv.      the amount or [sic] and
manner in which such Defendant benefited from the services or materials
provided by Plaintiff.

C.      With respect to causes of action for fraud by
nondisclosure asserted by Plaintiff, Plaintiff was ordered to but failed to
specifically plead factual allegations in support of each of the
following elements as to Defendants NuRock Group, Inc., NuRock Development
Group, Inc., NuRock Development, Ltd., NuRock Development TX, L.L.C., and
Robert Hoskins:

i.        all specific non-disclosed
facts that were subject to a duty to disclose and not disclosed by such
Defendant;

ii.       the specific basis giving
rise to a duty by such Defendant to disclose such non-disclosed facts;

          iii.      the materiality of such
non-disclosed facts;

iv.      what specific action or
non-action Plaintiff was  allegedly induced to take or refrain from taking by
the nondisclosure of such non-disclosed facts; and

v.       factual allegations
specifically identifying each and every specific injury suffered by Plaintiff
as a result of the nondisclosure of such non-disclosed facts, including the
amount of and the manner in which Plaintiff was injured, and how such injury is
separate and apart from the damages it has alleged are economic loses [sic]
under the subject consulting agreement.

D.      With respect to causes of action for breach of
fiduciary duty asserted by Plaintiff, Plaintiff was ordered to but failed to
specifically plead factual allegations in support of each of the
following elements as to Defendants NuRock Group, Inc., NuRock Development
Group, Inc., NuRock Development, Ltd., NuRock Development TX, L.L.C., and
Robert Hoskins:

i.        factual allegations to
establish a confidential relationship between Plaintiff and such Defendant;

ii.       the specific duty owed by
such Defendant to Plaintiff that was breached and the manner in which such
Defendant breached such duty; and

iii.      factual allegations
specifically identifying each and every specific injury suffered by Plaintiff
as a result of such breach of fiduciary duty, including the amount of and the manner
in which Plaintiff was injured, and how such injury is separate and apart from
the damages it has alleged are economic loses [sic] under the subject
consulting agreement.

E.      With respect to causes of action for civil
conspiracy asserted by Plaintiff, Plaintiff was ordered to but failed to
specifically plead factual allegations in support of each of the
following elements as to Defendants NuRock Group, Inc., NuRock Development
Group, Inc., NuRock Development, Ltd., NuRock Development TX, L.L.C., and
Robert Hoskins:

i.        factual allegations
specifically identifying which two or more persons were part of the alleged
conspiracy;

ii.       factual allegations
specifically identifying the objective or course of action that was agreed to
be accomplished by such persons and that each such person agreed to such
objective or course of action;

iii.      factual allegations
specifically identifying each unlawful, overt acts [sic] that were agreed upon
and committed by such persons; and 

iv.      factual allegations
specifically identifying each and every specific injury suffered by Plaintiff
as a result of such unlawful, overt acts, including the amount of and manner in
which Plaintiff was injured, and how much injury is separate and apart from the
damages it has alleged are economic loses [sic] under the subject consulting
agreement.

F.       With respect to causes of action for alter ego
and abuse of corporate form asserted by Plaintiff against Defendant Robert
Hoskins, Plaintiff was ordered to but failed to specifically plead factual
allegations in support of each of the following elements as to Robert
Hoskins and each applicable Defendant:

i.        factual allegations
specifically identifying how Robert Hoskins used such Defendant-entity for the
purpose of perpetrating a fraud on Plaintiff;

ii.       factual allegations
specifically identifying the actual fraud committed on Plaintiff by use of such
Defendant-entity and factual allegations to support each requisite element of
such cause of action for actual fraud;

iii.      factual allegations
specifically identifying how Robert Hoskins directly personally benefited from
the actual fraud committed by him on Plaintiff by use of such Defendant-entity;
and

iv.      factual allegations
specifically identifying each and every specific injury suffered by Plaintiff
as a result of such actual fraud, including the amount of and the manner in
which Plaintiff was injured, and how such injury is separate and apart from the
damages it has alleged are economic loses [sic] under the subject consulting
agreement. 





[5]In Landry, counsel,
like counsel here, elected on the record to have a motion seeking affirmative
relief (a motion for new trial) heard at the hearing prior to the special
appearance and thereby waived the special appearance.  35 S.W.3d at 267–68.





[6]Because we hold that
Hoskins made a general appearance and waived his special appearance, we do not
address the merits of the trial court’s special appearance ruling.  See
Tex. R. App. P. 47.1 (requiring court of appeals to address only issues necessary
to final disposition of the appeal).





[7]We are authorized to
review this ruling in connection with this interlocutory appeal because the
ruling impairs our jurisdiction over the special appearance ruling and impairs
the effectiveness of the relief we grant herein.  See Tex. R. App. P.
29.5(b); Perry v. Del Rio; 66 S.W.3d 239, 260–61 (Tex. 2001).





[8]Having determined that the
trial court abused its discretion by striking the claims asserted in SBG’s
fourth amended petition, we do not address SBG’s complaints concerning the
propriety of the trial court’s prior rulings on Appellees’ special exceptions. 
See Tex. R. App. P. 47.1 (requiring appellate court to address only
issues necessary to disposition of the appeal).