Kay CLEMENTS, Appellant,

v.

Robert F. BARNES, Appellee.

No. 13–90–390–CV.

Court of Appeals of Texas,
Corpus Christi.

Nov. 21, 1991.

Rehearing Overruled Feb. 6, 1992.

Elizabeth Ray, Gus Pappas, Houston, Kay Clements, Denver, for appellant.

Thomas O. Matlock, Jr., Mission, Israel Ramon, Jr., Ramon, Cantu & Ralston, Edinburg, for appellee.

Before NYE, C.J., and SEERDEN, and KENNEDY, JJ.

## OPINION

SEERDEN, Justice.

This is an appeal by way of writ of error from a default judgment granted in favor of appellee Robert F. Barnes and against appellant Kay Clements. A brief procedural history of this case is necessary. This case arises out of a bankruptcy proceeding brought in a Colorado Bankruptcy Court in which Clements, a Colorado resident and licensed attorney, was appointed interim trustee. The debtor in bankruptcy filed an adversary proceeding against Barnes, a Texas resident, in order to bring a piece of real estate into the bankruptcy estate. After Barnes prevailed in the underlying action, he sued the debtor in bankruptcy and Clements, claiming that they wrongfully claimed to own the property, wrongfully interfered with the sale of the property, and wrongfully interfered with his business relationships with the purchasers of the property in question. Clements was served with citation on July 19, 1989. She did not file an answer, and on April 6, 1990, Barnes obtained a default judgment against her. On August 2, 1990, Clements filed a special appearance motion objecting to the jurisdiction of the trial court. On October 5, 1990, appellant further filed a petition for writ of error, a motion to set aside the default judgment, or, in the alternative, a motion for new trial subject to the special appearance. On December 17, 1990, the trial court held a hearing in which appellant contested these matters. However, the court did not rule on appellant's motion and has subsequently lost plenary jurisdiction over this case.

■ By her first point of error, appellant claims that the trial court lacked personal jurisdiction over her and therefore erred in entertaining and rendering a default judgment against her. In appellee's original petition, he argues that appellant interfered repeatedly and wrongfully with his use and enjoyment of the property, with sales of the property and with his business relationships with the purchasers of the property. The property was located in Cameron County, Texas.

■ Although Clements filed a special appearance prior to filing an answer, she raised and argued issues related to the merits of the case at the hearing on December 17, 1990. A defendant who attempts to enter a special appearance to challenge a court's jurisdiction must strictly comply with Tex.R.Civ.P. 120a in order to avoid making a general appearance. *Barrett v. Barrett*, 715 S.W.2d 110, 113 (Tex.App.— Texarkana 1986, writ ref'd n.r.e.). Rule 120a provides that a motion to challenge the jurisdiction of the court "shall be heard and determined before a Motion to Transfer Venue or any other plea or pleading may be heard." Any effort by a non-resident defendant to invoke the judicial powers of a Texas Court in an attempt to set aside a default judgment constitutes a general appearance. *Liberty Enter., Inc. v. Moore Trans., Inc.*, 690 S.W.2d 570, 571–

572 (Tex.1985). Because, in the instant case, the trial court did not rule on appellant's motion for special appearance and appellant raised other matters besides this motion, she has subjected herself to the jurisdiction of the court. Although the trial court warned appellant that she was getting into matters other than her special appearance, she continued to do so. Because appellant has not strictly complied with Rule 120a, she has waived her right to complain. Appellant's first point of error is overruled.

■ By her second point of error, appellant argues that the trial court erred in granting the default judgment because appellee failed, as a matter of law, to properly notify appellant of the default judgment hearing. In support of this point, appellant relies on *LBL Oil Co. v. Int'l Powers Surfaces, Inc.*, 777 S.W.2d 390 (Tex.1989). *LBL* involved a post-appearance default judgment in which the defendant argued that he did not receive proper notice of the default judgment. In that case, the court held that once a defendant has made an appearance in a cause, he is entitled to notice of the trial setting as a matter of due process. The record showed that the appellant in *LBL* had no actual or constructive knowledge of the hearing on the default judgment. In the instant case, appellant had not appeared and thus, under *LBL,* no advance notice of a default judgment hearing was required. Appellant's second point of error is overruled.

■ By her third point of error, appellant asserts that the trial court erred in granting appellee's motion for default judgment against appellant because appellee failed as a matter of law to comply with the requirements of Tex.R.Civ.P. 239a. This rule states:

At or immediately prior to the time an interlocutory or final default judgment is rendered, the party taking the same or his attorney shall certify to the clerk in writing the last known mailing address of the party against whom the judgment is taken, which certificate shall be filed among the papers in the cause. Immediately upon the signing of the judgment,

the clerk shall mail written notice thereof to the party against whom the judgment was rendered at the address shown in the certificate, and note the fact of such mailing on the docket. . . .

The failure of the District Clerk or of the plaintiff to comply with this rule is not reversible error. *Grayson Fire Extinguisher Co. v. Jackson*, 566 S.W.2d 321, 322–323 (Tex.App.—Dallas 1978, writ ref'd n.r.e.). This rule is merely designed as an administrative convenience for the parties. *City of Houston v. Arney*, 680 S.W.2d 867, 873 (Tex.App.—Houston [1st Dist.] 1984, no writ). Therefore, even if appellee did not comply with this rule, no reversible error is shown. Appellant's third point of error is overruled.

■ By her fourth point of error, appellant alleges that the trial court erred in denying her motion to set aside the default judgment and motion for new trial. However, neither of these motions was filed within thirty days of the signing of the judgment, as required by Tex.R.Civ.P. 329b. In fact, these motions were filed more than 150 days after the judgment was signed. A motion which is not in compliance with Rule 329b is considered a nullity and provides no basis for consideration on appeal. *Willacy County Appraisal Review Board v. South Padre Land Co.*, 767 S.W.2d 201 (Tex.App.—Corpus Christi 1989, no writ). Appellant's fourth point of error is overruled.

■ By her fifth point of error, appellant complains that the trial court erred in granting the default judgment because he failed to proffer sufficient evidence at the default hearing to support the court's entry of the default judgment. Appellant relies on *Willacy County*, 767 S.W.2d at 201, in which this court stated that a litigant may not merely show proof of service of citation on a defendant, offer an arbitrary figure of his unliquidated damages, and obtain a judgment without offering any proof to support the award. In the instant case, appellee testified regarding the amount of attorney's fees he had incurred as a result of appellant's conduct, the cost of air fare,

hotels and transportation to Denver, Colorado to contest the matter, and the time he was required to spend away from his office. We find that the evidence presented at the default hearing was sufficient to support the judgment. Accordingly, appellant's fifth point of error is overruled, and the judgment is affirmed.