Kay CLEMENTS, Petitioner,

v.

Robert F. BARNES, Respondent.

No. D–2205.

Supreme Court of Texas.

June 17, 1992.

**46**

Kay Clements, pro se.

Israel Ramon, Jr., Edinburg, Thomas O. Matlock, Jr., Mission, for respondent.

PER CURIAM.

We consider whether a no-answer default judgment was properly rendered against a court-appointed bankruptcy trustee. On appeal by writ of error, the court of appeals affirmed the trial court's grant of default judgment against the trustee, Kay Clements, 822 S.W.2d 658. We reverse the court of appeals and hold that because Clements' actions, as alleged, did not exceed the scope of her authority as trustee, default judgment was improper.

This case arises out of a bankruptcy proceeding brought in a Colorado bankruptcy court in which Clements, a Colorado attorney, was appointed interim trustee. The debtor in bankruptcy filed an adversary proceeding against Robert Barnes, a Texas resident, to bring a parcel of land into the bankruptcy estate. Barnes prevailed against the debtor. Subsequently, he brought the instant action against the debtor, Clements, and others, alleging that they wrongfully claimed ownership of the property and tortiously interfered with its sale.

Clements was served with citation in July of 1989. She did not file an answer, and default judgment was signed and rendered against her on April 6, 1990.[1] On October 5, 1990, within 6 months of the date judgment was signed, Clements, as a party who did not participate at trial, appealed the trial court's judgment by writ of error to the court of appeals. See TEX.R.APP.P. 45. The court of appeals affirmed the trial court.[2]

■■■ Clements argues that she is protected from liability by derived judicial immunity as a court-appointed trustee. We agree. Courts have held that, because bankruptcy trustees are "arm[s] of the [c]ourt," they are immune from liability for actions grounded in their conduct as trustee. See Boullion v. McClanahan, 639 F.2d 213, 214 (5th Cir.1981) (per curiam). Only where the trustee acts in "the clear absence of all [her] jurisdiction" does she lose her derived immunity. See Mullis v. United States Bankr.Ct., 828 F.2d 1385, 1390 (9th Cir.1987), cert. denied, 486 U.S. 1040, 108 S.Ct. 2031, 100 L.Ed.2d 616 (1988). Consequently, it was error for the trial court to render default judgment when Barnes failed to allege that Clements acted outside the scope of her authority as trustee. See Stoner v. Thompson, 578 S.W.2d 679, 682–83 (Tex.1979) (regarding adequacy of pleadings to support default judgment). Because this error is apparent

1. In rendering default judgment, the trial court severed Barnes' claim against Clements from the other defendants resulting in an appealable final judgment. See Hall v. City of Austin, 450 S.W.2d 836, 837–38 (Tex.1970).

2. On August 2, 1990, past 90 days after the judgment was signed, Clements filed a "special appearance" to argue that because the trial court lacked personal jurisdiction, the judgment against her should be set aside. Subsequently, on October 5, 1990, she filed a motion for new trial subject to her "special appearance." Although the trial court never ruled on these matters, its failure to do so is of no moment since by the time Clements filed her "special appearance" and motion for new trial, the trial court's plenary power had lapsed. See TEX.R.CIV.P. 306a(4) and 329b. Nevertheless, Clements timely filed a proper procedural vehicle to set aside the default judgment via writ of error in the court of appeals. See McEwen v. Harrison, 345 S.W.2d 706, 711 (Tex.1961).

on the face of the record, Clements, as a party who did not participate at trial, is entitled to relief. *See DSC Finance Co. v. Moffitt,* 815 S.W.2d 551 (Tex.1991) (per curiam); TEX.R.APP.P. 45.

Accordingly, pursuant to TEX.R.APP.P. 170, without hearing oral argument, we grant Clements' application for writ of error to this court, reverse the judgment of the court of appeals and render judgment setting aside the default judgment rendered against her by the trial court.