NUMBER 13-98-541-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


DEBORAH LANDRY, Appellant,


v.



ELDON JAMES DAIGREPONT, Appellee.

____________________________________________________________________


On appeal from the 117th District Court of Nueces County,

Texas.

____________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Hinojosa and

Yañez

Opinion by Justice Yañez



 Appellant, Deborah Landry, plaintiff below, appeals the order of
the trial court sustaining the special appearance of appellee, Eldon
James Daigrepont, her former husband, and dismissing her suit against
him for lack of jurisdiction. Because we conclude that Daigrepont made
a general appearance, we reverse the trial court's order and remand this
matter for trial.(1)Background

 Landry and Daigrepont were married from 1974 to 1996. Landry
maintains that during their marriage, she was "repeatedly beaten" and
that the beatings resulted in "severe bodily injuries . . . including broken
ribs, bruised kidneys and having her eye punched out of its socket." In
addition, she claims Daigrepont "used outrageous disciplinary tactics
to punish [her] including cutting her with broken glass, restricting her
access to food and leaving [her] tied up for extended periods of time." 


 In 1997, Landry moved from Louisiana to Corpus Christi, Texas. 
In February 1998, she filed suit against Daigrepont, alleging she
suffered intentional infliction of emotional distress arising out of a series
of threatening telephone calls she received from Daigrepont in late 1997
and early 1998. After several unsuccessful attempts at service, the trial
court allowed Daigrepont to be served by substituted service.(2) 
Daigrepont failed to file an answer, and on June 18, 1998, the trial
court granted a default judgment in Landry's favor. On July 20, 1998,
Daigrepont filed a motion for new trial, which stated that it was
"subject to [Daigrepont's] special appearance." The motion for new trial
generally asserted that the trial court erred in authorizing substituted
service. The last paragraph of the motion requested that the court,
"subject to [Daigrepont's] special appearance," set aside the default
judgment following a hearing. At the conclusion of a hearing held on
August 13, 1998, the trial court granted Daigrepont's motion for new
trial and special appearance.

 By two issues, Landry contends: (1) Daigrepont waived his special
appearance by having his motion for new trial heard and determined
before obtaining a ruling on the special appearance; and (2) the trial
court erred in concluding it lacked personal jurisdiction over Daigrepont.

Waiver


 Landry argues that Daigrepont waived his special appearance by
arguing his motion for new trial prior to obtaining a ruling on his special
appearance. She contends that by failing to obtain a ruling on the
preliminary question of personal jurisdiction, Daigrepont failed to strictly
comply with Texas Rule of Civil Procedure 120a, thereby making a
general appearance and subjecting himself to the jurisdiction of the
court. 

 To evaluate Landry's waiver arguments, we must determine the
legal effect of Daigrepont's undisputed actions related to his motion for
new trial. If a special appearance is based on undisputed or otherwise
established facts, an appellate court shall conduct a de novo review of
the trial court's order granting a special appearance. Frank A. Smith
Sales, Inc. d/b/a Frank Smith Toyota v. Atlantic Aero, No. 13-99-792-CV,
2000 Tex. App. LEXIS 7106, at *5 (Tex. App.--Corpus Christi 2000, no
pet h.) (citing Happy Indus. Corp. v. American Specialties, Inc., 983
S.W.2d 844, 847 (Tex. App.--Corpus Christi 1998, pet. dism'd w.o.j.)). 
Accordingly, we review the trial court's application of law de novo. Id.

 Although Daigrepont's motion for new trial asserted that it was
"subject to [his] special appearance," he argued issues related to his
motion prior to obtaining a ruling on the special appearance. A
defendant who attempts to enter a special appearance to challenge a
court's jurisdiction must strictly comply with rule 120a in order to avoid
making a general appearance. Clement v. Barnes, 822 S.W.2d 658, 659
(Tex. App.--Corpus Christi 1991), rev'd on other grounds, 834 S.W.2d
45 (Tex. 1992). Rule 120a provides that a motion to challenge the
jurisdiction of the court "shall be heard and determined before a Motion
to Transfer Venue or any other plea or pleading may be heard." Id. Any
effort by a non-resident defendant to invoke the judicial powers of a
Texas court in an attempt to set aside a default judgment constitutes a
general appearance. Id. (citing Liberty Enters., Inc. v. Moore Trans.,
Inc., 690 S.W.2d 570, 571-72 (Tex. 1985). 

 In Liberty, the Texas Supreme Court held that a defendant waived
its special appearance, even though the motion for new trial was made
subject to the special appearance, because the defendant approved of
the court's order granting a new trial. The court concluded that the
defendant's approval of the order granting a new trial was an
affirmative act, by which the defendant submitted to the court's
jurisdiction. Liberty Enters., 690 S.W.2d at 571-72. Similarly, in the
present case, Daigrepont waived his special appearance by approving
of the order granting the new trial before obtaining a ruling on his
special appearance.

 Daigrepont also waived his special appearance by arguing his
motion for new trial before the special appearance was determined. 
The record reflects that at the hearing, Daigrepont's counsel stated:

Your Honor, there is a motion for new trial preceded
technically by a special appearance both being heard. The
special appearance needs to precede any ruling by the Court
in a motion for new trial, but hearing both at the same time.
. . . The motion for new trial, I think is easier for the Court to
see the merits of it, why it should be granted and I'll go into
that first; although in terms of the procedures I understand
that the special appearance needs to precede, but in
essence, what we are saying is that the case is being heard
today.


Thereafter, Daigrepont's counsel proceeded to argue the merits of the
motion for new trial by challenging the validity of the substituted
service. Even though Daigrepont's counsel acknowledged that the
special appearance "need[ed] to precede" any ruling on the motion for
new trial, the record reflects that he proceeded to argue the motion for
new trial before the court ruled on the special appearance. Rule 120a(2)
states, "[a]ny motion to challenge the jurisdiction provided for herein
shall be heard and determined before a motion to transfer venue or any
other plea or pleading may be heard." Tex. R. Civ. P. 120a(2) (emphasis
added). We conclude Daigrepont waived his special appearance by
arguing his motion for new trial before the special appearance had been
determined. 

 We hold that Daigrepont waived his special appearance and made
a general appearance by presenting argument on the motion for new
trial at the hearing before his special appearance was determined. He
also made a general appearance by approving the order granting the
new trial. The trial court therefore erred by granting the special
appearance. We sustain Landry's first issue. 

 Because Daigrepont made a general appearance, we need not
address Landry's second issue. See Tex. R. App. P. 47.1. The order
granting the special appearance is reversed, and the cause is remanded
for trial. 


 
 

 LINDA REYNA YAÑEZ

 Justice




Publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this the

21st day of December, 2000.


1. In addition to sustaining Daigrepont's special appearance, the trial court also,
in a separate order, granted Daigrepont's Motion for New Trial. The trial court's order
granting a new trial is not challenged on appeal, and accordingly, we do not address
it. 
2. See Tex. R. Civ. P. 106(b).