## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

February 9, 2004

The Honorable Greg Lowery
Wise County Attorney
Wise County Courthouse, Room 300
Decatur, Texas 76234

Opinion No. GA-0146

Re: Whether an officer, as bailiff and head of courthouse security, is entitled to judicial immunity from a suit for injuries occurring while removing an individual from the courthouse (RQ-0094-GA)

Dear Mr. Lowery:

You ask whether an officer acting as bailiff and chief of courthouse security is entitled to judicial immunity from a suit for an assault allegedly occurring when the officer removed an individual from the courthouse.[1]

You state that Officer Dick Wood is the bailiff for the 271st District Court and chief of courthouse security with the responsibility "to protect the operations of the courthouse and the people inside of it." Request Letter, *supra* note 1, at 3-4. In May 2002, Officer Wood, a certified peace officer, escorted Mr. Kelton from the Wise County Courthouse. *See id.* at 2. Previously, Mr. Kelton had been asked not to return to the district attorney's office, "due to his harassing nature." *Id.*

Mr. Kelton went to the courthouse to complain to the grand jury about the assistant district attorney and other courthouse employees. When Officer Wood asked Mr. Kelton to leave, Mr. Kelton explained that he wished to present his complaints. Officer Wood took Mr. Kelton's arm and escorted him out the courthouse door. Outside, Mr. Kelton slipped on a doormat and fell. It is disputed whether Mr. Kelton fell from his own exertions or because of Officer Wood's actions. *See id.*

You ask: "If an assault has occurred, is Officer Wood covered by judicial immunity, as he was acting in his capacity of bailiff and chief of courthouse security?" *Id.* at 3. You assert that a baliff or a chief of courthouse security would be entitled to derived judicial immunity under these circumstances because the "normal function of these positions is to escort or remove people from the courthouse when they have become disruptive to everyday courthouse proceedings or functions." *Id.*

---

[1]*See* Letter from Honorable Greg Lowery, Wise County Attorney, to Honorable Greg Abbott, Texas Attorney General (Aug. 11, 2003) (on file with Opinion Committee) [hereinafter Request Letter].

Derived judicial immunity, like judicial immunity, is immunity from suit for monetary damages, not just from the ultimate award of damages. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity is imperative to foster judicial independence and to discourage collateral attack of rulings that may be challenged by appeal. *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) (recognizing judicial immunity from actions for damages under 42 U.S.C. § 1983). Federal courts utilize a functional approach to judicial immunity, focusing on the nature of the challenged action or function and not the identity of the actor. *Forrester v. White*, 484 U.S. 219 (1988).

Judicial immunity has also been extended to others exercising discretion and judgment comparable to judicial decisionmaking, such as grand juries, petit jurors, prosecutors, and administrative judges. *Butz v. Economou*, 438 U.S. 478, 509-13 (1978). However, the United States Supreme Court has cautioned that absolute immunity must not be extended any further than the policy reasons for the doctrine warrant, because it is presumed that in most cases qualified immunity is sufficient to protect government officials exercising their official duties. *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 433 (1993). When determining whether an official is entitled to absolute immunity, federal courts consider the historic immunity under the common law for the relevant official's functions and practical considerations of the official's functions as currently practiced. *See id.* at 432; *Harlow v. Fitzgerald*, 457 U.S. 800, 810-11 (1982). Central to the analysis in such cases is whether the official's challenged conduct was an exercise of discretion functionally comparable to judicial decisionmaking. *Antoine*, 508 U.S. at 436. "Accordingly, the 'touchstone' for the doctrine's applicability has been 'performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights.'" *Id.* at 435-36 (quoting *Burns v. Reed*, 500 U.S. 478, 499-500 (1991) (Scalia, J., concurring in part and dissenting in part)); *see also Forrester*, 484 U.S. at 227-28 (judicial immunity does not apply to judges' executive, legislative or administrative functions).

The Supreme Court of Texas determined that the functional approach discussed in *Antoine* comports with derived judicial immunity that Texas courts apply to state-law claims. *Dallas County v. Halsey*, 87 S.W.3d 552, 556-57 (Tex. 2002). In *Halsey*, the question was whether an official district court reporter was entitled to absolute immunity from Dallas County's suit for inaccurately preparing a court reporter's record. *Id.* at 553. The court first noted that when a judge delegates or appoints another as an officer of the court or to perform services for the court, the court's immunity may follow the delegation or appointment. *Id.* at 554. However, because a court reporter preparing a trial record does not engage in judicial decisionmaking, the court concluded that the reporter was not entitled to derived judicial immunity. *Id.* at 556-57. The court stated that, "as applied in Texas, the functional approach in applying derived judicial immunity focuses on the nature of the function performed, not the identity of the actor, and considers whether the court officer's conduct is like that of the delegating or appointing judge." *Id.* at 555.

The United States Supreme Court in *Antoine* and the Supreme Court of Texas in *Halsey* focused on whether the pertinent official exercised the functional equivalent of judicial decisionmaking. *See also Clements v. Barnes*, 834 S.W.2d 45, 46 (Tex. 1992) (bankruptcy trustee); *Delcourt v. Silverman*, 919 S.W.2d 777, 781 (Tex. App.–Houston [14th Dist.] 1996, writ denied), *cert. denied*, 520 U.S. 1213 (1997) (psychiatrist and a guardian ad litem appointed to advise the court). However, other courts have also applied derived judicial immunity to officials whose functions may be more administrative or executive than judicial, but who act pursuant to the explicit

directions of a judicial officer. *See Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001) (holding that a court clerk enjoys absolute immunity for complying with the court's express order or directive, but only qualified immunity for routine duties that are not explicitly commanded); *Mays v. Sudderth*, 97 F.3d 107, 113 (5th Cir. 1996) (holding that a sheriff acting within the scope of a facially valid arrest warrant is absolutely immune from a suit for damages); *Robinson v. Freeze*, 15 F.3d 107 (8th Cir. 1994) (holding that a bailiff is immune for actions requested by the judge during trial). These courts have reasoned that derived judicial immunity should protect court personnel and others acting pursuant to a court's order or at the court's direction because enforcement of court orders is closely intertwined with the judicial function, court personnel should not be subjected to harassing litigation aimed at a judge's ruling, and an official charged with enforcing a facially valid court order has no choice but to comply. *See In re Foust*, 310 F.3d 849, 855 (5th Cir. 2002).

For example, federal courts generally hold that law enforcement officers have absolute immunity for enforcing the terms of a court order but only qualified immunity for the manner in which they choose to enforce it. *See, e.g., In re Foust*, 310 F.3d at 855 (officers not entitled to absolute immunity for manner of executing turnover order); *Richman v. Sheahan*, 270 F.3d 430 (7th Cir. 2001), *cert. denied*, 535 U.S. 971 (2002) (deputies who restrained an individual in the courtroom were not judicially immune from wrongful death suit); *Mays*, 97 F.3d at 113 (holding that a sheriff acting within the scope of a facially valid arrest warrant is absolutely immune from a suit for damages); *Martin v. Bd. of County Comm'rs*, 909 F.2d 402, 405 (10th Cir. 1990) (holding that officers were not entitled to absolute immunity against charge that they used excessive force in executing a bench warrant); *Haldane v. Chagnon*, 345 F.2d 601, 604 (9th Cir. 1965) (holding that bailiff signing petition at express direction of judge is entitled to judicial immunity). However, at least one federal court has held that an officer acting at the direction of a court will be immune even for the manner of executing the court's order. *See Martin v. Hendren*, 127 F.3d 720, 721-22 (8th Cir. 1997) (holding that bailiff was judicially immune from action for restraining an individual in the courtroom at the judge's specific order, including the charge of use of excessive force).

In *Robinson v. Freeze*, 15 F.3d 107 (8th Cir. 1994), the court considered whether a bailiff was judicially immune for conduct occurring during trial. The court noted that under the common law bailiffs enjoyed immunity for attending the court during trial, but not other functions. *Id.* at 109. Based on this analysis of a bailiff's historic common-law immunity and a functional analysis of the bailiff's duties, the court concluded that the question of absolute immunity for bailiffs depends "on whether the specific conduct of the bailiff at issue was quasi-judicial in nature." *Id.* The court determined that the bailiff would not be entitled to absolute immunity against claims that he mishandled evidence while monitoring the jury unless the actions were specifically ordered by the trial judge and related to a judicial function. *Id.*

Texas courts have also often stated that court officials such as bailiffs may be entitled to derived judicial immunity. In *Byrd v. Woodruff*, 891 S.W.2d 689, 707 (Tex. App.–Dallas 1994, writ dism'd by agr.), the court stated: "In Texas, judicial immunity applies to officers of the court who are integral parts of the judicial process, such as a prosecutor performing typical prosecutorial functions, court clerks, law clerks, bailiffs, constables issuing writs, and court-appointed receivers and trustees." *Accord Hawkins v. Walvoord*, 25 S.W.3d 882, 890 (Tex. App.–El Paso 2000, pet. denied) (holding that the court administrator selecting an attorney for indigent representation and the sheriff taking the attorney into custody pursuant to court directive were entitled to judicial

immunity); *City of Houston v. W. Capital Fin. Servs. Corp.*, 961 S.W.2d 687, 690 (Tex. App.–Houston [1st Dist.] 1998, pet. dism'd w.o.j.) (but holding that a court clerk's oversight of a collections contract of traffic fees and fines was not a judicial function and clerk was not protected by judicial immunity); *Delcourt*, 919 S.W.2d at 782 (holding that psychiatrist and guardian ad litem appointed to advise court on child custody matters were entitled to immunity).

In *Hawkins v. Walvoord*, an attorney sued a number of individuals, including a county court at law judge, the court administrator, and the sheriff, concerning a county bar plan to appoint attorneys to represent indigent criminals. *Hawkins*, 25 S.W.3d at 886. With respect to the administrator and the sheriff, the court of appeals held that "[t]he key consideration in determining whether an officer is entitled to judicial immunity is whether the officer's conduct is a normal function of the delegating or appointing judge." *Id.* at 890. Pursuant to delegated authority, the court administrator selected the attorney's name from the appointment list and rubber-stamped the judge's name on an order appointing the attorney. *Id.* The court of appeals concluded that the administrator's actions were entitled to derived judicial immunity because the delegated duty of appointing attorneys is a judicial function. *Id.* For similar reasons, the court also extended derived judicial immunity to the sheriff, "as an officer of the court who played an integral part of the judicial process, . . . and who arrested and placed Hawkins in the county jail on two separate occasions, pursuant to facially valid judicial orders." *Id.* at 891.

We first review Officer Wood's duties as a bailiff and chief of courthouse security.[2] Officer Wood is a deputy sheriff assigned to the 271st Judicial District Court. *See* Wise County Sheriff's Department – Court Security, *available at* http://www.sheriff.co.wise.tx.us/court.htm.[3] As court bailiff, his principal responsibility is to act at the direction of the court. TEX. CODE CRIM. PROC. ANN. art. 36.24 (Vernon 1981). Also, Officer Wood served as the grand jury bailiff.[4] *See id.* art. 19.36 (Vernon 1977) (the court and the district attorney may appoint a grand jury bailiff). A grand jury bailiff performs duties as required by the grand jury foreman. *See id.* art. 19.37.

Officer Wood is also chief of courthouse security. Request Letter, *supra* note 1, at 3. By statute, the county sheriff has "charge and control of the county courthouse, subject to the regulations of the commissioners court." TEX. LOC. GOV'T CODE ANN. § 291.003 (Vernon 1999). It appears that courthouse security is overseen by a committee including judges and other elected officers.[5]

While security personnel controlling access to a county courthouse may exercise discretion when they engage members of the public, a court would likely characterize that discretion as

---

[2]Chapter 53 of the Government Code provides for the appointment of bailiffs by certain courts, but not the 271st Judicial District Court. *See* TEX. GOV'T CODE ANN. §§ 53.001-.092 (Vernon 1998 & Supp. 2004); *see generally* 36 DAVID B. BROOKS, TEXAS PRACTICE: COUNTY AND SPECIAL DISTRICT LAW § 22.24 (2002) ("There is no general statute governing the designation of a bailiff for the various courts.").

[3]*See also* TEX. CODE CRIM. PROC. ANN. art. 36.24 (Vernon 1981) ("The sheriff of the county shall furnish the court with a bailiff during the trial of any case to attend the wants of the jury and to act under the direction of the court.").

[4]Telephone Conversation with Margaret Shelton, Assistant District Attorney, Wise County (Dec. 22, 2003).

[5]*Id.*

executive or administrative rather than the functional equivalent of judicial decisionmaking described in *Antoine* and *Halsey*. *See Antoine*, 508 U.S. at 436 (holding that judicial immunity does not hinge on the importance of a court officer's duties to the judicial process, but on the kind of discretionary judgment the officer exercises); *Halsey*, 87 S.W.3d at 555 (holding that "derived judicial immunity focuses on the nature of the function performed, not the identity of the actor, and considers whether the court officer's conduct is like that of the delegating or appointing judge."). Consequently, when a bailiff or other courthouse security officer asserts derived judicial immunity a key question would be whether the complained-of action was taken pursuant to a specific judicial order. The principal policy reasons for derived judicial immunity do not apply when an officer was not acting pursuant to a facially valid order. An action against a baliff or other security officer for the exercise of the officer's own discretion would not be, in practical effect, a collateral attack on a court order. *See In re Foust*, 310 F.3d at 855.

Finally, even when an officer acts pursuant to a judicial order, a court might not provide immunity from allegations that the officer's actions exceeded that order. *See id.*; *Richman*, 270 F.3d at 437-38; *Martin v. Bd. of County Comm'rs*, 909 F.2d at 405. *But see Martin v. Hendren*, 127 F.3d at 721-22. Of course, an officer not entitled to judicial immunity may assert other immunity defenses such as official immunity, *see Telthorster v. Tennell*, 92 S.W.3d 457, 460 (Tex. 2002), or qualified immunity, *see McPherson v. Kelsey*, 125 F.3d 989, 993 (6th Cir. 1997).

## S U M M A R Y

Derived judicial immunity applies to officials exercising the functional equivalent of judicial discretion. Generally, a bailiff and chief of courthouse security screening individuals from the courthouse would not be exercising the functional equivalent of judicial discretion. Derived judicial immunity may also apply to an official acting pursuant to facially valid judicial orders or instructions.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee