**Affirmed and Opinion Filed July 10, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00597-CV**

**DANIELLE SPOSITO, Appellant**
**V.**
**LINDA ROLLINS-THREATS, PH.D., Appellee**

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-22-05777-D**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Carlyle
Opinion by Justice Partida-Kipness

Appellant Danielle Sposito appeals the dismissal of her suit against Appellee

Dr. Rollins-Threats under Texas Rule of Civil Procedure 91a. In three issues, Sposito

asserts the trial court erred in: (1) granting the motion to dismiss; (2) awarding

attorney's fees; and (3) denying Sposito's motion to reconsider. We affirm.

## BACKGROUND

Sposito's lawsuit arises from Dr. Rollins-Threats's involvement in a suit

affecting the parent-child relationship (SAPCR).[1] Sposito is the grandmother of the

---

[1] *See* TEX. FAM. CODE § 101.032(a).

children at issue in the SAPCR. The SAPCR court appointed Dr. Rollins-Threats as a parenting facilitator, in accordance with the parties' agreement. In that role, Dr. Rollins-Threats visited with the parties, issued reports for the court, and gave testimony at several hearings.

Displeased with the SAPCR outcome, Sposito filed the present suit against Dr. Rollins-Threats. In a single-page petition, Sposito asserted claims for malpractice, "child endangerment," and slander. Sposito alleged Dr. Rollins-Threats was the parenting facilitator in the SAPCR case, and in that role she "[broke] both state and federal laws," "told multiple lies," and "violated [Sposito's] rights." Sposito's petition provided no additional detail regarding these claims.

Dr. Rollins-Threats answered and included the affirmative defense of derived judicial immunity in her role as a court-appointed parenting facilitator. Dr. Rollins-Threats moved to dismiss under Rule 91a, asserting Sposito's claims had no basis in law because of the immunity defense. Dr. Rollins-Threats also sought attorney's fees.

In response, Sposito asserted Dr. Rollins-Threats was not entitled to immunity because she was not appointed as parenting facilitator in the SAPCR suit, and in any event Dr. Rollins-Threats had lied and broken various laws in her role as facilitator. The parties engaged in additional briefing related to the Rule 91a motion. The trial court held a hearing and later granted the motion to dismiss and awarded Dr. Rollins-

Threats attorney's fees. Sposito filed a motion to reconsider which was overruled by operation of law. This appeal followed.

## STANDARD OF REVIEW

We review the merits of a Rule 91a ruling de novo. *San Jacinto River Auth. v. Medina*, 627 S.W.3d 618, 628 (Tex. 2021). The availability of a remedy under the facts alleged is a question of law and the rule's factual-plausibility standard is akin to a legal-sufficiency review. *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016).

## ANALYSIS

In three issues, Sposito asserts the trial court erred in: (1) granting the motion to dismiss; (2) awarding attorney's fees; and (3) denying Sposito's motion to reconsider. We address each issue in turn.

## I.      The Trial Court Did Not Err in Granting the Motion to Dismiss

In her first issue, Sposito asserts the trial court erred in granting the Rule 91a motion to dismiss. We disagree.

### A.      Rule 91a

Under Rule 91a, party may move to dismiss a cause of action on the grounds it has no basis in law or fact. TEX. R. CIV. P. 91a.1. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. *Id*. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded. *Id*. Except on

issues of costs and attorney's fees, the court may not consider evidence in ruling on the motion and must decide it based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59. TEX. R. CIV. P. 91a.6.

Rule 91a provides a harsh remedy and should be strictly construed. *Renate Nixdorf GmbH & Co. KG v. TRA Midland Props., LLC*, No. 05-17-00577-CV, 2019 WL 92038, at *10 (Tex. App.—Dallas Jan. 3, 2019, pet. denied) (mem. op.) (citing *Gaskill v. VHS San Antonio Partners, LLC*, 456 S.W.3d 234, 238 (Tex. App.—San Antonio 2014, pet. denied)).

### 1) "No Basis in Fact"

The "no basis in fact" prong of Rule 91a.1 relates to the believability of the facts alleged by a plaintiff in pleading a cause of action and, thus, seldom rises to a point of contention in the case law. *Long v. Long*, 681 S.W.3d 805, 816–17 (Tex. App.—Dallas 2023, no pet.). The "no basis in fact" prong is a "factual plausibility standard." *Id.* (citing *Sanchez*, 494 S.W.3d at 724). We do not consider whether such allegations are likely, or even if the conduct alleged is outlandish, but only if a reasonable person could believe the alleged conduct. *Longhorn Creek Ltd. v. Gardens of Connemara Ltd.*, 686 S.W.3d 418, 425 (Tex. App.—Dallas 2024, pet. filed) (quoting *Drake v. Walker*, No. 05-14-00355-CV, 2015 WL 2160565, at *3 (Tex. App.—Dallas May 8, 2015, no pet.) (mem. op.)).

### 2) "No Basis in Law"

A cause of action alleged by a claimant has no basis in law "if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." TEX. R. CIV. P. 91a.1. In assessing whether the non-movant's pleading has no basis in law, we apply a fair-notice pleading standard to determine whether the allegations of the petition are sufficient to allege a cause of action. *Long*, 681 S.W.3d at 817 (citations omitted). A petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim. *Id.* "Even the omission of an element is not fatal if the cause of action may be reasonably inferred from what is specifically stated." *Thomas v. 462 Thomas Fam. Props., LP*, 559 S.W.3d 634, 639 (Tex. App.—Dallas 2018, pet. denied) (quoting *In re Lipsky*, 460 S.W.3d 579, 590 (Tex. 2015) (orig. proceeding)). Under this standard, courts assess whether an opposing party can ascertain from the pleading the nature of the controversy, its basic issues, and the type of evidence that might be relevant. *Id.* at 640.

In applying the fair-notice pleading standard to our review in a Rule 91a context, "we must construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact." *Longhorn Creek*, 686 S.W.3d at 426 (quoting *In re RNDC Tex., LLC*, No. 05-18-00555-CV, 2018 WL 2773262, at *1 (Tex. App.—Dallas June 11, 2018, no pet.) (mem. op.)). "[I]f nothing

in the pleading itself triggers a clear legal bar to the claim, then there is a basis in law and the motion should be denied." *Id.*

Typically, there are two circumstances in which a court may determine a cause of action has no basis in law under Rule 91a: (1) where the plaintiff fails to plead a legally cognizable cause of action, or (2) where the allegations in the plaintiff's own pleading establish a complete legal bar to the plaintiff's claims by affirmatively negating entitlement to the relief requested. *Long*, 681 S.W.3d at 817-18 (citing *Reaves v. City of Corpus Christi*, 518 S.W.3d 594, 608 (Tex. App.—Corpus Christi–Edinburg 2017, no pet.)).

Rule 91a permits motions to dismiss based on affirmative defenses "if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 656 (Tex. 2020) (quoting TEX. R. CIV. P. 91a.1)). In deciding a Rule 91a motion, a court may consider the defendant's pleadings if doing so is necessary to make the legal determination of whether an affirmative defense is properly before the court. *Id.*

## B. Derived Judicial Immunity

Dr. Rollins-Threats asserted derived judicial immunity as a legal bar to Sposito's suit. When entitled to the protection of derived judicial immunity, an officer of the court receives the same immunity as a judge acting in his or her official judicial capacity—absolute immunity from liability for judicial acts performed

–6–

within the scope of jurisdiction. *Dallas Cnty. v. Halsey*, 87 S.W.3d 552, 554 (Tex. 2002). The policy reasons for judicial immunity are also implicated when a judge delegates or appoints another person to perform services for the court or when a person otherwise serves as an officer of the court. *Id.* (citing *Delcourt v. Silverman*, 919 S.W.2d 777, 782 (Tex. App.—Houston [14th Dist.] 1996, writ denied)). In this circumstance, the immunity attached to the judge follows the delegation, appointment, or court employment. *Id.* The person acting in such a capacity also enjoys absolute immunity, known as derived judicial immunity. *Id.* (citing *Clements v. Barnes*, 834 S.W.2d 45, 46 (Tex. 1992); *Delcourt*, 919 S.W.2d at 782).

> Derived judicial immunity provides broad protection:
>
> Once an individual is cloaked with derived judicial immunity because of a particular function being performed for a court, every action taken with regard to that function—whether good or bad, honest or dishonest, well-intentioned or not—is immune from suit. Once applied to the function, the cloak of immunity covers all acts, both good and bad. The whole either is protected or it is not.

*B.W.D. v. Turnage*, No. 05-13-01733-CV, 2015 WL 869289, at *6 (Tex. App.—Dallas Mar. 2, 2015, pet. denied) (mem. op.) (cleaned up and citations omitted).

Texas courts apply a "functional approach" to determine if a party is entitled to judicial immunity. *Halsey*, 87 S.W.3d at 554-57. The functional approach focuses on the nature of the function performed, not the identity of the actor, and considers whether the court officer's conduct is like that of the delegating or appointing judge. *Id.* at 555 (citations omitted). Importantly, if the tasks necessitate the exercise of discretion, judicial immunity will apply. *See id.* at 557. "If an action involves

personal deliberation, decision and judgment, it is discretionary." *Id.* (quoting *City of Lancaster v. Chambers*, 883 S.W.2d 650, 654 (Tex. 1994)). A party is entitled to absolute immunity when the party is acting as an integral part of the judicial system or an "arm of the court." *Delcourt*, 919 S.W.2d at 782.

We have not located any Texas case addressing whether a parenting facilitator may be entitled to derived judicial immunity. However, *Delcourt* is instructive. After Karen Delcourt was removed as sole managing conservator of her daughter, she sued the court-appointed psychologist, Dr. Silverman. *Delcourt*, 919 S.W.2d at 779-80. Dr. Silverman asserted he was entitled to judicial immunity. *Id.*

The Houston Court of Appeals concluded derived judicial immunity should apply to mental health experts appointed to provide psychological expertise in child custody suits. *Id.* at 782-83. The court noted many other jurisdictions recognize psychiatrists and psychologists performing court-ordered custody evaluations perform a judicial function and enjoy absolute immunity. *Id.* at 783 (collecting cases). The court then stated:

> When a court appoints a mental health professional to examine the child and the parents in a custody proceeding, the professional is acting as a fact finder for the court. The court relies on the professional to provide information essential to the decision-making process. Without the protection of absolute immunity, such professionals would be, at the very least, reluctant to accept these appointments. This would in turn inhibit judges from performing their duties.

*Id.* Dr. Silverman was appointed to assist in the determination of the emotional and medical issues surrounding allegations of sexual abuse. *Id.* Silverman met with the

parents and minor child, conducted evaluations, and gave an opinion as a mental health expert. *Id.* The evidence established he was appointed by and acted as a functionary of the court when he took the actions forming the basis of Delcourt's claims. Thus, he was entitled to absolute judicial immunity. *Id.* We reach the same conclusion with respect to Dr. Rollins-Threats.

### C. Dr. Rollins-Threats is entitled to derived judicial immunity

Under the Family Code, a "parenting facilitator" is an impartial third party appointed by the court on its own or agreement of the parties, who performs any function described in Section 153.6061 of the code. TEX. FAM. CODE § 153.601(3-a). The parenting facilitator's duties are largely co-extensive with those of a parenting coordinator. *Id.* §§ 153.606–.6061. Those duties include aiding the parties in:

- understanding parenting plans and reaching agreements about issues to be included in such plans;
- complying with the court's orders regarding conservatorship or possession of an access to the child;
- implementing parenting plans; and
- settling disputes.

*Id.* § 153.505(a). The parenting facilitator may also monitor compliance with court orders. *Id.* § 153.6061(a). These provisions support the conclusion a parenting facilitator exercises personal deliberation, decision, and judgment in assisting the parties in understanding and complying with court-ordered plans, and in monitoring

compliance with court orders. The parenting facilitator also acts as a fact-finder for the court to provide information essential to the decision-making process. *Delcourt*, 919 S.W.2d at 783. As such, a parenting facilitator acts as an integral part of the judicial system or "arm of the court" and is entitled to derived judicial immunity. *See id.*

In her barebones petition, Sposito affirmatively states: "Dr. Linda R. Threats was a parent facilitator in my family law case." Sposito claims "Dr. Threats began to break both state and federal laws in regard to my case disregarding the health and well-being of the children she was hired to protect! Told multiple lies and violated my rights as well." Sposito provided no other specifics regarding her claims.

Taking Sposito's allegations as true, together with inferences reasonably drawn therefrom, the acts forming the basis of Sposito's claims arise from Dr. Rollins-Threats' role as a court-appointed parenting facilitator. The order appointing her as parenting facilitator supports this conclusion.[2] The order expressly appoints

---

[2] The court order was attached to and incorporated into Dr. Rollins-Threats's answer and her motion to dismiss. Courts typically do not consider exhibits attached to the defendant's answer or motion in a Rule 91a proceeding. *Bethel*, 595 S.W.3d at 654 (quoting TEX. R. CIV. P. 91a.6). However, Sposito did not object to the consideration of this evidence at the trial court. *See* TEX. R. APP. P. 33.1(a)(1) (party must object in trial court to preserve error and obtain ruling on objection). Indeed, both parties invited the trial court to consider evidence attached to their motions and responses. Similarly, at this Court Sposito does not complain of the trial court's consideration of her or Dr. Rollins-Threats's evidence. Under these circumstances, we will not assign error to the trial court in considering the parties' evidence as they requested. *See Sw. Airlines Pilots Ass'n v. Boeing Co.*, No. 05-21-00598-CV, 2022 WL 16735379, at *7 (Tex. App.—Dallas Nov. 7, 2022, pet. denied) (mem. op.) (examining whether plaintiff preserved or invited error regarding consideration of evidence in Rule 91a proceeding); *see also Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 782 (Tex. 2020) ("A court of appeals may not reverse a trial court judgment on a ground not raised.").

Dr. Rollins-Threats as the facilitator.[3] Dr. Rollins-Threats' duties were to "assess the parenting plan situation" and guide the parties through the plan phases. The order includes the duties in Sections 153.606 and 153.6061 of the Family Code described above, including monitoring compliance with the court order.

Dr. Rollins-Threats had discretion to determine: when it would be in the best interest of the children to move to the next phase of the plan for possession; when additional visits would be in the best interest of the children after Father completed Phase 1; additional periods of supervised possession, with supervisors approved by Dr. Rollins-Threats; and the circumstances under which Father would have unsupervised possession of the children. Dr. Rollins-Threats wrote reports for the SAPCR court and testified at several hearings regarding the parties' participation and progress in the plan and the child possession the parents and grandparents should have.

Sposito contends Dr. Rollins-Threats "told lies" in her reports and during her testimony in the SAPCR, and attacks Dr. Rollins-Threats's judgment and recommendations. Even assuming Sposito's allegations are true, such acts were in the context of her role as parenting facilitator to aid the court in its decision-making process. *Delcourt*, 919 S.W.2d at 783; *Turnage*, 2015 WL 869289, at *5 (court-appointed drug testing company and its owner were entitled to derived judicial

---

[3] Sposito disputed Dr. Rollins-Threats had been court-appointed but conceded her prior attorney agreed to Dr. Rollins-Threats as a parenting facilitator, and Sposito approved the court order as to form and substance.

immunity where they were acting as an "arm of the court" when they conducted the drug testing, and they did not exceed the order's scope by interpreting the drug testing results). Accordingly, Dr. Rollins-Threats is entitled to derived judicial immunity. *See Delcourt*, 919 S.W.2d at 78.

Sposito cites several cases to support her argument Dr. Rollins-Threats committed non-judicial acts and was not entitled to immunity.[4] We do not dispute that in some instances, a judge or court-appointed actor may not be entitled to immunity because their acts are truly non-judicial or extra-judicial. However, Sposito's cases are distinguishable, and there is no indication Dr. Rollins-Threats acted outside her role as a parenting facilitator. Even if, as Sposito asserts, Dr. Rollins-Threats lied, broke the law, or came to the wrong conclusions in her recommendations, these acts were performed in her role as a parenting facilitator appointed by the court and as such are shielded by derived judicial immunity. *See Delcourt*, 919 S.W.2d at 783; *Turnage*, 2015 WL 869289, at *5. Accordingly,

---

[4] *Forrester v. White*, 484 U.S. 219, 230, 108 S. Ct. 538, 546, 98 L. Ed. 2d 555 (1988) (judge not entitled to absolute immunity for his decisions to demote and discharge employee because such acts were administrative rather than judicial); *Harper v. Merckl*e, 638 F.2d 848, 858-59 (5th Cir. 1981) (judge used his judicial office as an offensive weapon to vindicate personal objectives, and no party had invoked the judicial machinery for any purpose, such that the judge's actions were not "judicial acts" entitled to immunity); *Harris v. Harvey*, 605 F.2d 330, 336 (7th Cir. 1979) (judge's acts outside of courtroom and not part of his judicial functions, such as derogatory comments about the defendant to media and others, were not shielded by judicial immunity); *Gibson v. Goldston*, No. 5:21-CV-00181, 2022 WL 2719725, at *6 (S.D.W. Va. July 13, 2022) (judge performed an executive, non-judicial act when she personally conducted a warrantless search and seizure at the defendant's residence), *aff'd*, 85 F.4th 218 (4th Cir. 2023); *see also Stump v. Sparkman*, 435 U.S. 349, 356-64. 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978) (judge acted in his judicial capacity in approving mother's petition to have her daughter sterilized and was therefore entitled to immunity, where he performed the type of act normally performed only by judges, and regardless of procedural or due process error involved in the decision).

Sposito's suit has no basis in law, and the trial court did not err in granting Dr. Rollins-Threats's motion to dismiss. We overrule Sposito's first issue.

## II. Remaining Issues

In her second and third issues, Sposito asserts the trial court erred in awarding attorney's fees and denying Sposito's motion to reconsider. We address these issues together and conclude Sposito has waived any such complaints.

Rule 91a gives the trial court discretion to award reasonable and necessary attorney's fees to the prevailing party. TEX. R. CIV. P. 91a.7. Generally, we review a trial court's award of attorney's fees for an abuse of discretion. *Arnold v. Addison*, No. 05-20-00001-CV, 2021 WL 5984875, at *14 (Tex. App.—Dec. 17, 2021, no pet.) (mem. op.) (citing *Ridge Oil Co., Inc. v. Guinn Invs., Inc.*, 148 S.W.3d 143, 163 (Tex. 2004)). We also review a trial court's denial of a motion to reconsider for abuse of discretion. *Henry v. Halliburton Energy Servs., Inc.*, 100 S.W.3d 505, 510 (Tex. App.—Dallas 2003, pet. denied).

However, an appellant's brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and the record. TEX. R. APP. P. 38.1(i). When a party fails to adequately brief a complaint, she waives the issue on appeal. *Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.).

In her appellate brief, Sposito presents no argument or authorities to support her contentions the trial court abused its discretion in awarding attorney's fees and

in denying the motion to reconsider. She has presented nothing for review and has waived any such complaints. *Washington*, 362 S.W.3d at 854.

Even if Sposito had properly presented the issue in this Court, Rule 91a gives the trial court broad discretion to award attorney's fees to the prevailing party. TEX. R. CIV. P. 91a.7. Dr. Rollins-Threats prevailed on her motion to dismiss, requested attorney's fees, and submitted evidence in support. Furthermore, Sposito's motion to reconsider did not present any new argument for why Dr. Rollins-Threats was not entitled to judicial immunity. We perceive no abuse of discretion by the trial court on these issues. Accordingly, we overrule Sposito's second and third issues.

### CONCLUSION

Sposito's claims arise out of Dr. Rollins-Threats's role as a court-appointed parenting facilitator. As such, Dr. Rollins-Threats is shielded by derived judicial immunity, and Sposito's claims against her have no basis in law. Therefore, the trial court did not err in granting the Rule 91a motion to dismiss. Furthermore, even if Sposito had not waived the issues, she has not demonstrated the trial court abused its discretion in awarding Dr. Rollins-Threats attorney's fees or in denying the motion to reconsider. Accordingly, we affirm the trial court's judgment.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

230597F.P05

–14–



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

DANIELLE SPOSITO, Appellant

No. 05-23-00597-CV          V.

LINDA ROLLINS-THREATS, PH.D., Appellee

On Appeal from the County Court at Law No. 4, Dallas County, Texas

Trial Court Cause No. CC-22-05777-D.

Opinion delivered by Justice Partida-Kipness. Justices Pedersen, III and Carlyle participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee LINDA ROLLINS-THREATS, PH.D. recover her costs of this appeal from appellant DANIELLE SPOSITO.

Judgment entered this 10th day of July, 2024.