FRANK A. SMITH SALES, INC., d/b/a Frank Smith Toyota, Appellant,

v.

ATLANTIC AERO, INC., Appellee.

No. 13–99–792–CV.

Court of Appeals of Texas, Corpus Christi.

Oct. 19, 2000.

Christiana Dijkman, Phillips & Akers, Houston, for Appellant.

Roger W. Hughes, Adams & Graham, Harlingen, Julian Rodriguez, Jr., McAllen, Susan Renee Sullivan, Griffith, Saenz & Hill, McAllen, Lisa D. Powell, Atlas & Hall, L.L.P., McAllen, for Appellee.

Before Justices HINOJOSA, YAÑEZ, and CHAVEZ.

## OPINION

Opinion by Justice CHAVEZ.

Frank Smith Sales, Inc. (Frank Smith) appeals from the granting of a special appearance filed by Atlantic Aero. We hold that, because Frank Smith failed to plead sufficient facts to show Texas jurisdiction over Atlantic Aero, the trial court acted correctly in granting the special appearance.

Frank Smith operates an automobile dealership in McAllen, Texas. David Pena filed suit against Frank Smith alleging that his credit information was appropriated by Frank Smith's employee, Todd Johnson, when Pena applied for credit to purchase a vehicle at the dealership. Pena alleged that Todd Johnson used Pena's personal information to obtain credit in Pena's name and then incurred charges exceeding $40,000, thereby damaging Pena's credit reputation. Among the fraudulent charges allegedly incurred by Johnson were $6450 for charter flight services provided by Atlantic Aero. Atlantic Aero is based in North Carolina.

Frank Smith's third-party petition alleged that "acts on the part of Third Party Defendants ... Atlantic Aero, Inc. constituted negligence and are the proximate cause of any injuries and damages alleged by Plaintiff (Pena)." Frank Smith's third-party pleadings did not specify Atlantic Aero's acts of negligence, nor where those allegedly negligent acts occurred. Atlantic Aero filed a verified special appearance stating that it is not a resident of Texas, has no place of business in Texas, has no employees or agents in Texas, and does not advertise in Texas.

■■■ A court may assert personal jurisdiction over a nonresident defendant only if the requirements of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution and the Texas long-arm statute are satisfied. *CSR, Ltd. v. Link,* 925 S.W.2d 591, 594 (Tex.1996); *see* TEX.CIV.PRAC. & REM.CODE ANN. § 17.042 (Vernon 1997); *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 413–14, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). The Texas long-arm statute allows a court to exercise personal jurisdiction over a nonresident defendant "as far as the federal constitutional requirements of due process will allow." *CSR,* 925 S.W.2d at 594.

■■■ Due process permits a state court to exercise personal jurisdiction over a defendant only if the defendant has some minimum, purposeful contacts with the state, and the exercise of jurisdiction will not offend traditional notions of fair play and substantial justice. *Dawson–Austin v. Austin,* 968 S.W.2d 319, 326 (Tex.1998); *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). A nonresident who purposefully avails himself of the privileges and benefits of conducting business in Texas must answer to a suit in Texas. *CSR,* 925 S.W.2d at 594; *see Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475–76, 105 S.Ct. 2174,

85 L.Ed.2d 528 (1985). However, a nonresident will not be subject to Texas jurisdiction based upon mere random, fortuitous, or attenuated contacts. *CSR*, 925 S.W.2d at 595; *Burger King*, 471 U.S. at 475–76, 105 S.Ct. 2174.

A nonresident's contacts with a state can give rise to either general or specific jurisdiction. In this case, appellant claims specific jurisdiction applies. Specific jurisdiction is established if the defendant's alleged liability arises from or is related to an activity conducted within the state. *CSR*, 925 S.W.2d at 595. The activity must be purposefully directed at Texas so the defendant could foresee being haled into court here. *Id.* Single or even occasional acts are not sufficient to support jurisdiction if their nature and quality create only an attenuated affiliation with Texas. *Id.* Even when minimum contacts with the forum state are established, the state court cannot exercise personal jurisdiction over the defendant if to do so would offend traditional notions of fairness. *Id.*

In Texas, a party may contest personal jurisdiction by filing a special appearance. Tex.R.Civ.P. 120a(1). A special appearance is determined by reference to the pleadings, any stipulations made by and between the parties, any affidavits and attachments filed by the parties, discovery, and any oral testimony. Tex.R.Civ.P. 120a(3).

The existence of personal jurisdiction is a question of law, but proper exercise of that jurisdiction must sometimes be preceded by the resolution of underlying factual disputes. The standard of review to determine the appropriateness of the trial court's resolution of those facts is an ordinary "sufficiency of the evidence" review. *Happy Indus. Corp. v. American Specialties, Inc.*, 983 S.W.2d 844, 847 (Tex. App.—Corpus Christi 1998, pet. dism'd w.o.j.). The scope of that review includes all evidence in the record. *Id.* If a special appearance is based on undisputed or otherwise established facts, an appellate court

shall conduct a de novo review of the trial court's order granting a special appearance. *Id.* The appellate court reviews the trial court's application of law de novo. *Id.*

The plaintiff has the initial burden to plead sufficient allegations to show jurisdiction in Texas. *McKanna v. Edgar*, 388 S.W.2d 927, 930 (Tex.1965); *M.G.M. Grand Hotel, Inc. v. Castro*, 8 S.W.3d 403, 408 n. 2 (Tex.App.—Corpus Christi 1999, no pet.). Where the plaintiff fails to make such jurisdictional allegations, the defendant can carry its burden to defeat all bases of personal jurisdiction simply by presenting evidence that it is a nonresident. *M.G.M. Grand*, 8 S.W.3d at 408 n. 2. Once the defendant has produced credible evidence negating all bases of jurisdiction, the plaintiff bears the ultimate burden to establish that the Texas court has personal jurisdiction over the defendant as a matter of law. *Id.*

This case presents an issue regarding the scope of our review that does not appear to be answered by existing case law: when determining whether the plaintiff has met its "initial burden to plead sufficient allegations to show jurisdiction in Texas," do we look only at the third-party plaintiff's petition, or do we also consider other documents on file, such as a response to the special appearance? The cases we are aware of focus only on the allegations in the petition, but do not mention whether the plaintiff filed any response to the special appearance that may have expanded the allegations in the petition. *See Siskind v. Villa Found. For Educ ., Inc.*, 642 S.W.2d 434, 437 (Tex. 1982); *see also Mort Keshin & Co., Inc. v. Houston Chronicle Publ'g Co.*, 992 S.W.2d 642, 647 (Tex.App.—Hous. [14th Dist.] 1999, no pet.); *see also Steve Tyrell Prods., Inc. v. Ray*, 674 S.W.2d 430, 433 (Tex.App.—Austin 1984, no writ). We need not resolve this issue in this case because, even considering both the petition and the response to the special appearance, Frank Smith failed to plead sufficient allegations to show jurisdiction in Texas.

Frank Smith's third-party petition stated only that Atlantic Aero had committed acts of negligence, without specifying what those negligent acts were, or where they occurred. Therefore, Frank Smith's petition fell well short of pleading sufficient allegations to show jurisdiction in Texas.

In its response to the special appearance, Frank Smith argued that "Atlantic Aero committed a tort by ... negligently charging David Pena's account $6450 without determining whether it was in fact David Pena who was chartering this jet from North (sic) Carolina to McAllen." Frank Smith attached excerpts from David Pena's deposition, wherein he describes verifying with Atlantic Aero that the charges on his credit card were for a chartered flight arranged by a "David Pena," and a copy of an itinerary showing Atlantic Aero flying "Beth Pena" and "Kim Pena" from Charleston, South Carolina to McAllen, Texas at an expense of $6450.[1] Even if we consider the response as "pleadings," it fails to allege that Atlantic Aero committed a tort in Texas. The tort identified in the response is "negligently charging" Pena "without determining whether it was in fact David Pena." Frank Smith does not allege that this tort was committed in Texas. Indeed, Atlantic Aero *charged* Pena's account from its office in North Carolina, and anything Atlantic Aero could have done to "determine whether it was in fact David Pena" prior to charging the account would have had to be done from North Carolina.

 Frank Smith argued at the hearing on the special appearance, and on appeal, that Atlantic Aero should have checked the identification of the man claiming to be David Pena when it landed in McAllen, Texas. However, these arguments cannot be considered "pleadings." The meaning of the term "pleadings" must be limited at least so as to exclude matters not filed prior to the special appearance

hearing. These arguments cannot meet Frank Smith's "initial burden" to plead sufficient allegations to show jurisdiction in Texas.

Because Frank Smith failed to meet this "initial burden," Atlantic Aero was entitled to be excused from answering Frank Smith's lawsuit in Texas on the basis of its verified special appearance stating that it is not a Texas resident. We sustain the order of the trial court granting Atlantic Aero's special appearance.

---

1. Atlantic Aero contends that these evidentiary materials should not be considered because they were not timely filed. We hold that,

even if these materials are available for consideration, Frank Smith has failed to meet its burden.