

**IN THE**
**TENTH COURT OF APPEALS**

**No. 10-14-00322-CV**

**BRAD BOWER,**

**Appellant**

**v.**

**AMERICAN LUMBER, INC.,**

**Appellee**

**From the 85th District Court**
**Brazos County, Texas**
**Trial Court No. 13-002584-CV-85**

**MEMORANDUM OPINION**

Brad Bower, a resident of Idaho, appeals the trial court's denial of Bower's special

appearance. Because the trial court erred, we reverse the trial court's order and remand

this case to the trial court for further proceedings.

**BACKGROUND**

Eddie Winn and Andrew Keys worked for American Lumber, Inc. They both

signed non-competition agreements. At some point in time, Winn became unhappy with

his employment and contacted another lumber company, Eagle Forest Products, LLC, in

Idaho. Winn and Keys eventually accepted employment with Eagle Forest and began selling lumber in Texas in competition with American Lumber. American Lumber sued Winn, Keys, Eagle Forest, and Bower. Bower is the managing member of Eagle Forest. Bower was not sued in his official capacity but rather was sued in his individual capacity.

In three issues on appeal, Bower contends the trial court erred in denying Bower's special appearance in which Bower objected to the trial court's jurisdiction over him.

**PERSONAL JURISDICTION**

Pursuant to Rule 120a of the Texas Rules of Civil Procedure, a special appearance may be made by any party for the purpose of objecting to the jurisdiction of the court over the person or property of the defendant on the ground that such person or property is not amenable to process issued by the courts of this State. TEX. R. CIV. P. 120a(1). Personal jurisdiction is a question of law which we review de novo. *Kelly v. General Interior Constr., Inc.*, 301 S.W.3d 653, 657 (Tex. 2010); *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). Texas courts have personal jurisdiction over a nonresident defendant when (1) the Texas long-arm statute provides for it, and (2) the exercise of jurisdiction is consistent with federal and state due process guarantees. *Spir Star AG v. Kimich*, 310 S.W.3d 868, 872 (Tex. 2010); *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 574 (Tex. 2007).

Under the Texas long-arm statute, the plaintiff has the initial burden to plead sufficient allegations to confer jurisdiction. *Kelly*, 301 S.W.3d at 658; *Retamco Operating*,

*Inc. v. Republic Drilling Co.*, 278 S.W.3d 333, 337 (Tex. 2009); *American Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 807 (Tex. 2002). The defendant seeking to avoid being sued in Texas then has the burden to negate all potential bases for jurisdiction pled by the plaintiff. *See id*. When, as here, the trial court does not make findings of fact and conclusions of law in support of its ruling, "all facts necessary to support the judgment and supported by the evidence are implied." *Retamco*, 278 S.W.3d at 337 (quoting *BMC Software*, 83 S.W.3d at 795 (citations omitted)).

**STEP ONE—THE LONG ARM STATUTE**

The Texas long-arm statute provides, in relevant part:

> In addition to other acts that may constitute doing business, a nonresident does business in this state if the nonresident:
>
> ***
>
> (2) commits a tort in whole or in part in this state; . . . .

TEX. CIV. PRAC. & REM. CODE ANN. § 17.042 (West xxxx). The statute's broad doing-business language "allows the statute to reach as far as the federal constitutional requirements of due process will allow." *Retamco*, 278 S.W.3d at 337 (quoting *Moki Mac*, 221 S.W.3d at 575 (citations omitted)); accord *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 788 (Tex. 2005). Therefore, we only analyze whether Bower's acts would bring him within Texas' jurisdiction consistent with constitutional due process requirements. *See Moki Mac*, 221 S.W.3d at 575 (citations omitted).

**STEP TWO—CONSTITUTIONAL DUE PROCESS GUARANTEES**

Under a constitutional due-process analysis, personal jurisdiction is achieved when (1) the non-resident defendant has established minimum contacts with the forum state, and (2) the assertion of jurisdiction complies with "traditional notions of fair play and substantial justice." *Moki Mac*, 221 S.W.3d at 575 (quoting I*nt'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)). We focus on the defendant's activities and expectations when deciding whether it is proper to call the defendant before a Texas court. *Int'l Shoe Co.*, 326 U.S. at 316.

*Minimum Contacts*

A defendant establishes minimum contacts with a state when the defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958) (citing *Int'l Shoe Co.*, 326 U.S. at 319). "The defendant's activities, whether they consist of direct acts within Texas or conduct outside Texas, must justify a conclusion that the defendant could reasonably anticipate being called into a Texas court." *Am. Type Culture Collection*, 83 S.W.3d at 806 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980)).

A nonresident's contacts can give rise to either specific or general jurisdiction. *Am. Type Culture Collection*, 83 S.W.3d at 806. Here, only specific jurisdiction over Bower is at issue. A court has specific jurisdiction over a defendant if the defendant's alleged liability arises from or is related to an activity conducted within the forum. *Spir Star AG v. Kimich*,

310 S.W.3d 868, 873 (Tex. 2010); *CSR Ltd. v. Link*, 925 S.W.2d 591, 595 (Tex. 1996). In such cases, "we focus on the 'relationship among the defendant, the forum[,] and the litigation.'" *Spir Star AG*, 310 S.W.3d at 873 (quoting *Moki Mac*, 221 S.W.3d at 575-76). Specific jurisdiction arises when (1) the defendant purposefully avails itself of conducting activities in the forum state, and (2) the cause of action arises from or is related to those contacts or activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985); *National Indus. Sand Ass'n v. Gibson*, 897 S.W.2d 769, 774 (Tex. 1995).

*Pleadings and Evidence*

A plaintiff must also plead and, when challenged by the defendant, present evidence of the relevant acts (those connected to the plaintiff's claims) and that those acts occurred, at least in part, in Texas. *See Kelly v. General Interior Constr., Inc.*, 301 S.W.3d 653, 660-661 & 659 n. 5 (Tex. 2010) (citing *Frank A. Smith Sales, Inc. v. Atl. Aero, Inc.*, 31 S.W.3d 742, 747 (Tex. App.—Corpus Christi 2000, no pet.)).

American Lumber pled in its first Amended Petition that Brad Bower, in his individual capacity, was a resident of Idaho and a Managing Member of Eagle Forest Products, LLC who tortuously interfered with the contractual relationship between American Lumber and Eddie Winn and Andrew Keys; violated the Texas Uniform Trade Secrets Act; intentionally formed a conspiracy to interfere with existing contractual relations and prospective contractual relations; and conspired to violate the Texas Uniform Trade Secrets Act.

Bower filed a verified special appearance pursuant to Rule 120a contending that he was not a Texas resident, owned no property in Texas, had no bank account in Texas, had no office, employees, or regular place of business in his individual capacity in Texas, and committed no tort in Texas. Bower later filed a more specific affidavit declaring that, in his individual capacity, he had not recruited any Texas resident to work for Eagle. He acknowledged communicating with Winn and Keys about working for Eagle but that those communications were on behalf of Eagle and did not occur while he was in Texas. He also acknowledged that of all the communications with Winn and Keys, only one was within Texas but that it was not business related. He recounted that he was in Texas on a business trip to meet with an Eagle employee. The employee introduced Bower to Winn and the two had dinner which was incidental to the trip. The dinner was a "get to know you" occasion rather than a business meeting. Bower stated he did not make an offer of employment at any time during the Texas trip. Bower also asserted that he never met Keys in person in Texas prior to Keys being hired by Eagle; never committed tortious activity in Texas or outside of Texas intended to harm a Texas resident; and never received trade secrets of another company from Winn or Keys. Bower stated he knew Winn and Keys had signed non-competition agreements with American Lumber but that when Eagle offered employment to Winn and Keys, Bower believed he acted in good faith because he understood the non-competition agreements to be unenforceable.

American Lumber responded to Bower's special appearance, attaching excerpts of

deposition testimony of Winn and an affidavit of Barry Hendler, the president of Madera Americana, Inc., d/b/a American Lumber, Inc. Winn testified at his deposition that Bower knew of Winn's non-competition agreement but there was no discussion between the two about it. Winn further testified that he and Bower met in the spring of 2013 at a restaurant in Humble, Texas. They "got to know one another" at the restaurant. Winn did not know why Bower was in town. Winn could not recall whether it was Bower or Cary Holaday, a sales manager, who called Winn on the phone a few months later to offer Winn employment with Eagle. The only relevant information provided by Hendler's affidavit was a statement that Winn testified at his deposition that he met Bower in Humble and a conclusion that Bower, individually, entered into an agreement to take the trade secrets of American Lumber and sell products.[1]

*Application*

After reviewing the pleadings and evidence submitted, we find American Lumber failed to plead what wrongful acts Bower took in his individual capacity and that any of those acts occurred in Texas. The mere existence of a cause of action does not automatically satisfy jurisdictional due process concerns. *Kelly v. General Interior Constr., Inc.*, 301 S.W.3d 653, 660 (Tex. 2010). Thus, because Bower challenged American Lumber's pleadings, Bower could, and did, meet his burden to negate all bases of jurisdiction by proving through his special appearance and affidavit that he was not a

---

[1] Portions of Hendler's affidavit were objected to and those objections were sustained.

Texas resident, owned no property in Texas, had no bank account in Texas, had no office, employees, or regular place of business in his individual capacity in Texas, and committed no tort in Texas. *See Siskind v. Villa Foundation for Education, Inc.*, 642 S.W.2d 434, 438 (Tex. 1982).

## CONCLUSION

Accordingly, we conclude that Bower did not purposefully avail himself of conducting activities in Texas. Thus, Bower's contacts are not sufficient to support specific jurisdiction over Bower in his individual capacity, and his special appearance should have been granted.[2]

Bower's first two issues are sustained. The trial court's order denying Bower's special appearance is reversed, and this case is remanded to the trial court to render an order which grants Bower's special appearance and dismisses American Lumber's claims against Bower for lack of personal jurisdiction.

TOM GRAY<br>
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Reversed and remanded
Opinion delivered and filed April 16, 2015
[CV06]



---

[2] Because we decide this case based on the lack of alleged minimum contacts with Texas, we need not discuss the "traditional notions of fair play and substantial justice" prong of personal jurisdiction.